**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 11-4710**

---

UNITED STATES OF AMERICA,

　　　　　　Plaintiff – Appellee,

　　　v.

LUIS ALBERTO NAPAN,

　　　　　　Defendant – Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:10-cr-00384-TSE-1)

---

Submitted:  March 30, 2012　　　　　Decided:  June 28, 2012

---

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Andrew Peterson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alberto Napan appeals the twenty-seven-month sentence imposed following his conviction by a jury of conspiring to import a controlled substance, in violation of 21 U.S.C. §§ 952, 960(a)(1), 963 (2006). On appeal, Napan argues that the sentencing court committed procedural sentencing error by failing to establish an adequate factual predicate for its obstruction of justice enhancement, in violation of United States v. Perez, 661 F.3d 189 (4th Cir. 2011). We vacate and remand for resentencing.

To impose an enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2010), for obstruction of justice based on false testimony, "the sentencing court must find that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." Perez, 661 F.3d at 192. The sentencing court must "make independent findings necessary to establish a willful impediment to, or obstruction of, justice," which is accomplished if the court's finding "encompasses all of the factual predicates for a finding of perjury." United States v. Dunnigan, 507 U.S. 87, 95 (1993), abrogated on other grounds by United States v. Wells, 519 U.S. 482 (1997). We will "decline[] to infer such findings when they were not made with the specificity stated in Dunnigan." United States v. Smith, 62 F.3d 641, 647-48 (4th Cir. 1995). Recently,

2

we clarified our standard for articulating such findings, holding that "[i]f a district court does not make a specific finding as to each element of perjury, it must provide a finding that clearly establishes each of the three elements." Perez, 661 F.3d at 193.

In imposing a USSG § 3C1.1 enhancement for false testimony at a suppression hearing, the district court stated that Napan's testimony was not credible as to the disputed points and contrary to the testimony provided by the Government's witnesses. However, we conclude that neither these findings, nor the specific statements at issue, are sufficient to establish that the testimony as to each disputed point was both material and made with willful intent to deceive. Although the court made lengthy factual findings in ruling on the motion to suppress, we conclude the findings articulated by the court do not provide a sufficient basis to clearly establish each necessary element. See Perez, 661 F.3d at 193-94; cf. United States v. Cook, 76 F.3d 596, 605-06 (4th Cir. 1996); United States v. Quinn, 359 F.3d 666, 681 (4th Cir. 2004). We therefore conclude that the district court procedurally erred in

imposing the USSG § 3C1.1 enhancement without further factfinding.[*]

The Government asserts that the court's procedural error is harmless. See United States v. Boulware, 604 F.3d 832, 838 (4th Cir. 2010) (discussing standard). Although the district court granted Napan a substantial downward variance from his Guidelines range and provided a sufficient explanation for its chosen sentence, these facts, standing alone, do not provide a sufficient basis to conclude that the court would not have applied an equivalent variance, resulting in a lower sentence, if the USSG § 3C1.1 enhancement was not applied. Cf. United States v. Savillon-Matute, 636 F.3d 119, 124 (4th Cir.) (finding error harmless when sentencing court stated on record that sentence imposed was "absolutely" the appropriate sentence), cert. denied, 132 S. Ct. 454 (2011); United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008) ("An error in the calculation of the applicable Guidelines range, whether an error of fact or of law, infects all that follows at the sentencing proceeding . . . ."). Thus, we conclude the error was not harmless.

---

[*] We note that the district court did not have the benefit of Perez at the time it sentenced Napan.

4

Accordingly, we vacate the sentence and remand for resentencing in light of <u>Perez</u>. In doing so, we express no opinion as to the propriety of the USSG § 3C1.1 enhancement in this instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>