**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4726**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

LUIS ALBERTO NAPAN,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:10-cr-00384-TSE-1)

Submitted:  January 24, 2013         Decided:  February 28, 2013

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Neil MacBride, United States Attorney, Andrew Peterson, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Luis Alberto Napan was convicted, following a jury trial, of conspiring to import a controlled substance, in violation of 21 U.S.C. §§ 952, 960(a)(1), 963 (2006). The district court initially sentenced Napan to twenty-seven months' imprisonment. Napan appealed his sentence, and we concluded that the district court failed to make the findings necessary to support a Guidelines enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2010), as required by United States v. Perez, 661 F.3d 189 (4th Cir. 2011). We therefore vacated and remanded for resentencing in light of Perez. United States v. Napan, 484 F. App'x 780, 781-82 (4th Cir. 2012) (No. 11-4710).

At resentencing, the district court made additional factual findings on the record, specifically finding that three of the original four false statements were both material to suppression and made with the willful intent to deceive. The court again imposed the obstruction of justice enhancement and sentenced Napan to twenty-seven months' imprisonment. Napan appeals from the amended judgment, arguing that the district court erred in concluding that Napan's false testimony was willfully made with the intent to deceive. For the reasons that follow, we affirm.

We review the district court's "factual findings for clear error and [its] legal conclusions de novo." United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Under the clear error standard, "we will not reverse a lower court's finding of fact simply because we would have decided the case differently." United States v. Manigan, 592 F.3d 621, 631 (4th Cir. 2010) (internal quotation marks omitted). Rather, "we can find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. (internal quotation marks and alterations omitted).

To impose a USSG § 3C1.1 enhancement for obstruction of justice based on perjury, "the sentencing court must find that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." Perez, 661 F.3d at 192 (internal quotation marks omitted). In assessing whether a defendant had the willful intent to deceive, the court must satisfy itself that the defendant made false statements "with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 95 (1993), abrogated on other grounds by United States v. Wells, 519 U.S. 482 (1997); see USSG § 3C1.1 cmt. n.2. The court's findings need only be supported by a preponderance of the evidence. See United States v. Sun, 278 F.3d 302, 314 (4th Cir. 2002).

3

Our review of the record indicates that the district court's findings of willful intent to deceive are not clearly erroneous and provide adequate support for the obstruction of justice enhancement. Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED