**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4977**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

       v.

MICHAEL GENE TERRELONGE,

              Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Chief District Judge. (3:09-cr-00229-RJC-DCK-1)

Submitted: March 7, 2013          Decided: April 10, 2013

Before WILKINSON, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, William M. Miller, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Gene Terrelonge appeals his criminal convictions and sentence. We affirm.

I

Terrelonge was indicted on one count of conspiracy to commit bank robbery (18 U.S.C. § 371), three counts of armed bank robbery (18 U.S.C. § 2113), and three counts of brandishing and possessing a firearm in furtherance of a crime of violence (18 U.S.C. § 924(c)). Shortly before trial was scheduled to begin, Terrelonge's court-appointed counsel moved to withdraw, and Terrelonge moved for substitute counsel. The magistrate judge assigned to conduct pretrial proceedings denied the motions.

Following a trial continuance, the magistrate judge held a second hearing to consider counsel's renewed motion to withdraw. At this hearing, Terrelonge indicated that he wished to represent himself. The magistrate judge denied the motion to withdraw and ruled that Terrelonge had not clearly and unequivocally asserted his right to self-representation. Terrelonge appealed the issue of self-representation to the district court, which held a hearing on the matter and thereafter allowed Terrelonge to represent himself with his counsel serving in a standby capacity.

Terrelonge proceeded to trial _pro se_, and the jury convicted him on all counts. Thereafter, the district court sentenced Terrelonge (who was again represented by counsel) to 744 months in prison. The sentence is comprised of 60-month concurrent terms for the conspiracy and bank robbery counts, a mandatory consecutive sentence of 84 months for the first § 924 firearm count, and 300-month consecutive mandatory sentences for both of the other § 924 firearm counts.

## II

In challenging his convictions, Terrelonge argues that (1) the magistrate erred by denying his pretrial request for substitution of counsel and (2) the district court erred by finding that he knowingly and intelligently waived his right to counsel. For the following reasons, we find that Terrelonge is not entitled to relief under either of these theories.

We review the denial of a motion for substitute counsel for abuse of discretion, focusing on three factors: (1) the timeliness of the motion; (2) the adequacy of the court's inquiry into the defendant's request; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense, _United States v. Perez_, 661 F.3d 189, 191 (4th Cir. 2011). Having reviewed the record in this light, we are satisfied that the magistrate judge did not abuse his discretion. First,

3

Terrelonge's request for substitute counsel, made just days before trial was scheduled to begin, was untimely. Second, the magistrate judge's inquiry into Terrelonge's complaint about his counsel – which involved an ex parte examination of Terrelonge and his counsel - was more than adequate. Finally, we find no error in the magistrate judge's determination that Terrelonge was able to prepare an adequate defense with his counsel. On this latter point, we note that the magistrate judge acknowledged that there was "significant conflict" between Terrelonge and his court-appointed counsel, J.A. 499, but held, applying the appropriate legal standard, that the situation did not constitute a total lack of communication preventing an adequate defense, Supp. J.A. 2.

We review a district court's determination regarding waiver of the right to counsel de novo, while reviewing the findings of historical fact underlying that determination for clear error. United States v. Bush, 404 F.3d 263, 270 (4th Cir. 2005). In determining whether a defendant has properly exercised the right to self-representation and waived the right to counsel, we ascertain, among other things, whether the assertion of the right to self-representation is (1) clear and unequivocal, and (2) knowing, intelligent and voluntary. Id. at 271. Applying this standard, we find no error.

4

Although the magistrate judge ruled initially that Terrelonge's request for self-representation was not clear and unequivocal, Terrelonge clarified his request in subsequent representations to the district court. Specifically, Terrelonge appealed the magistrate judge's ruling, stating that he no longer intended to condition the assertion of his right to self-representation on his demand for another lawyer and that he "unequivocally wishe[d] to represent himself." J.A. 63. Moreover, after advising Terrelonge of the risks of proceeding pro se, the district court sought to resolve any prior ambiguity by asking Terrelonge "very simply" whether he wished to represent himself, to which Terrelonge unequivocally responded "yes." J.A. 50. Further, based on its interactions with Terrelonge and its review of the record, the district court made sufficient findings to support its conclusion that Terrelonge's assertion of the right to self-representation was knowing and intelligent.

III

Terrelonge also challenges his sentence, primarily contending that the district court procedurally erred by imposing consecutive mandatory sentences for each of his § 924(c) convictions. Generally, we review a sentence for procedural and substantive reasonableness. United States v. Hargrove, 701 F.3d 156, 160 (4th Cir. 2012). Procedural

5

reasonableness evaluates the method used to determine a sentence, and substantive reasonableness examines the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the chosen sentence satisfies the standards set forth in 18 U.S.C. § 3553(a). Hargrove, 701 F.3d at 160-61. Because Terrelonge did not object to his sentence on this basis, our review is for plain error. United States v. Lynn, 592 F.3d 572, 576-77 (4th Cir. 2010).

Terrelonge is mistaken in his basic contention that the § 924(c) sentences should not run consecutively. As we have explained: "There is no ambiguity in section 924(c). It states that whenever a person commits a crime of violence or drug trafficking crime and uses or carries a gun, the person shall be sentenced to a prison term that runs consecutive to the person's sentence for the underlying crime of violence or drug trafficking crime and consecutive to all other sentences." United States v. Luskin, 926 F.2d 372, 376 (4th Cir. 1991); see also United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005) (holding that district court erred by running multiple § 924(c) sentences concurrently).

Because Terrelonge was convicted of three counts of possessing and brandishing a firearm in furtherance of a crime of violence based on three separate armed bank robberies, he was subject under § 924(c) to a mandatory seven-year sentence for

6

the first § 924(c) conviction followed by two consecutive twenty-five year mandatory sentences for the remaining § 924(c) convictions, all to run consecutively to each other and to any other sentence imposed. Accordingly, the district court did not err, much less plainly err, by imposing consecutive sentences for each of Terrelonge's § 924(c) convictions.

                                IV

Based on the foregoing, we affirm Terrelonge's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

                                                    AFFIRMED

                                7