**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4439**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JASON CHRISTOPHER WELCH,

            Defendant - Appellant.

─────────────

**No. 13-4440**

─────────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

JASON CHRISTOPHER WELCH,

            Defendant - Appellant.

─────────────

Appeals from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:06-cr-00291-TDS-1; 1:10-cr-00110-TDS-1)

─────────────

Submitted:  December 12, 2013      Decided:  January 30, 2014

─────────────

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

———————————

Alan D. Campbell, S. Hamilton, Massachusetts, for Appellant. Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jason Christopher Welch pled guilty in 2007 to one count of mail fraud, in violation of 18 U.S.C. § 1341 (2012), and one count of aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A(a)(1) (2012), and was sentenced to twenty-seven months' imprisonment, a consecutive term of twenty-four months' imprisonment, and concurrent terms of supervised release of three years and one year. In 2010, Welch pled guilty to one count of escape from a residential re-entry center, in violation of 18 U.S.C. § 751(a) (2012), and was sentenced to sixteen months' imprisonment and three years of supervised release. In 2012, the district court revoked Welch's terms of supervised release and sentenced him to concurrent prison terms of fourteen months and twelve months in the mail fraud and aggravated identity theft case and a consecutive prison term of fourteen months in the escape case. The court also imposed two consecutive twenty-two-month terms of supervised release.

Welch appealed the revocation judgment, arguing that the district court had erred in ordering that the twenty-two-month terms of supervised release run consecutively. The Government conceded that the district court had reversibly erred under 18 U.S.C. § 3624(e) (2012) in ordering that the

3

terms of supervised release run consecutively[*] and moved this court for a remand to the district court for resentencing. We granted the Government's motion, vacated Welch's sentences, and remanded for resentencing pursuant to 18 U.S.C. § 3624(e).

On remand, the district court entered an amended judgment re-imposing the concurrent fourteen- and twelve-month prison terms and the consecutive fourteen-month prison term and imposing concurrent twenty-two-month terms of supervised release. On appeal from the amended judgment, Welch's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal, but questioning whether the district court abused its discretion in denying Welch's motion to appoint substitute counsel and erred in not "fully vacating" his sentences and convening a "complete resentencing" hearing and in ordering that the prison term imposed in the escape case run consecutively to the prison term imposed in the mail fraud and aggravated identity theft case. Welch was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a brief. We affirm.

---

[*] Section 3624(e) provides that a "term of supervised release . . . runs concurrently with any Federal, State, or local term of . . . supervised release . . . for another offense to which the person is subject or becomes subject during the term of supervised release."

We review for abuse of discretion a district court's ruling on a motion to substitute counsel. United States v. Perez, 661 F.3d 189, 191 (4th Cir. 2011). In determining whether a district court has abused it discretion in denying a motion seeking appointment of substitute counsel, we consider "three factors: the timeliness of the motion; the adequacy of the [district] court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense." Id. (internal quotation marks omitted). We then weigh these factors against the district court's "interest in the orderly administration of justice." United States v. Reevey, 364 F.3d 151, 157 (4th Cir. 2004).

After reviewing the record, we conclude that the district court did not abuse its discretion in denying Welch's motion. With respect to the first factor, Welch delayed in bringing the motion. This court's judgment remanding for resentencing issued on March 1, 2013, and Welch's resentencing hearing was scheduled for May 14, 2013. Welch, however, did not make his motion until after the commencement of the resentencing hearing. That is, he waited over two months to bring the motion on the day of resentencing. If the district court had granted the motion, it may have had to continue the resentencing hearing. Moreover, Welch has not shown, and the record does not

5

reveal, any exigent circumstances justifying his last-minute request. Accordingly, the motion was not timely. See Perez, 661 F.3d at 191-92 (concluding that defendant who filed motion for substitution four months after conviction and two weeks before scheduled sentencing hearing had delayed in bringing the motion); Reevey, 364 F.3d at 157 ("[A] continuance request for the substitution of counsel made on the first day of trial is clearly untimely under all but the most exigent circumstances." (internal quotation marks omitted)).

Additionally, upon inquiry, the district court learned the basis for Welch's motion, heard and considered his explanation for why he wanted new counsel appointed, and addressed his reasons in its oral ruling denying the motion. Accordingly, the district court's inquiry into the basis for Welch's complaint was adequate. See Perez, 661 F.3d at 192 (concluding that the inquiry factor weighed in the Government's favor where district court requested that defendant explain why he believed he should be appointed new counsel, considered those reasons, and found current counsel had done an effective job in representing defendant). Further, the record does not reveal any basis for concluding that there existed an attorney-client conflict so great that it prevented Welch from receiving an adequate defense. Weighing these factors against the district court's interest in efficient administration of justice on

6

remand, we conclude that the court correctly denied Welch's motion to appoint substitute counsel.

Turning to Welch's challenges to his sentences, we conclude they are without merit because the mandate rule precluded the district court from altering the prison sentences it imposed in 2012. "The mandate rule is a specific application of the law of the case doctrine." Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). When we remand for resentencing, the mandate rule precludes the district court from considering issues that were expressly or impliedly decided by this court on appeal. United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993). "In addition, the [mandate] rule forecloses litigation of issues decided by the district court but foregone on appeal or otherwise waived, for example because they were not raised in the district court." Id.; see Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007) ("[A]ny issue conclusively decided by this court on the first appeal is not remanded, and . . . any issue that could have been but was not raised on appeal is waived and thus not remanded." (internal quotation marks omitted)).

Welch had the opportunity to challenge his prison sentences in his initial appeal, but he did not do so. See Volvo Trademark, 510 F.3d at 481 (noting that the plaintiff failed to raise its claim in earlier proceedings and that "a

remand proceeding is not the occasion for raising new arguments or legal theories"). The propriety of those prison terms and their sequential posture thus was not before the district court at resentencing. Further, we remanded for resentencing pursuant to 18 U.S.C. § 3624(e). Accordingly, the district court did not reversibly err on remand in failing to alter Welch's revocation prison sentences or to hold a "complete" resentencing hearing.

Finally, in accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's amended judgment. This court requires that counsel inform Welch, in writing, of the right to petition the Supreme Court of the United States for further review. If Welch requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Welch.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>