**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4192**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THADDEUS VIDAL PERALTA, a/k/a Ted, a/k/a Ted the Fed,

Defendant - Appellant.

---

**No. 14-4193**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AARON ANTHONY LUMPKIN,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk.   Mark S. Davis, District Judge.  (2:12-cr-00192-MSD-TEM-1; 2:12-cr-00192-MSD-TEM-2)

---

Submitted:  November 25, 2014        Decided:  January 15, 2015

---

Before DIAZ and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

––––––––––––––

Nicholas D. Renninger, KOZAK, DAVIS & RENNINGER, PC, Portsmouth, Virginia; Melinda R. Glaubke, SLIPOW ROBUSTO & KELLAM, PC, Virginia Beach, Virginia, for Appellants. Dana J. Boente, United States Attorney, Christopher J. Van Horne, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

––––––––––––––

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In this consolidated appeal, Thaddeus Vidal Peralta and Aaron Anthony Lumpkin appeal the district court's judgments of conviction following a jury trial. Peralta and Lumpkin were convicted of conspiracy to distribute and possess with intent to distribute methamphetamine or a mixture and substance containing a detectable amount of methamphetamine ("the conspiracy count"). 21 U.S.C. §§ 841(a)(1), 846 (2012). The jury found that Peralta conspired to distribute at least fifty grams of methamphetamine or at least 500 grams of a mixture and substance containing methamphetamine, while Lumpkin conspired to distribute at least five grams of methamphetamine or at least fifty grams of a mixture and substance containing methamphetamine. The jury also convicted both Peralta and Lumpkin of possession with intent to distribute less than fifty grams of a mixture and substance containing methamphetamine ("the possession count"). 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012). Peralta received a sentence of 262 months' imprisonment for the conspiracy count and a concurrent 240-month term for the possession count; Lumpkin was sentenced to concurrent 180-months terms of imprisonment.

Peralta appeals his convictions and 262-month sentence, arguing that the convictions were not supported by sufficient evidence, the district court admitted improper evidence, and the district court erred at sentencing in applying

3

two Guidelines enhancements and miscalculating the drug quantity attributable to him. Lumpkin appeals his sentence, arguing that the district court erred in calculating the drug quantity attributable to him and applying two Guidelines enhancements. We affirm.

I.

Peralta first challenges the sufficiency of the evidence supporting his convictions. We review de novo the denial of a motion for a judgment of acquittal. Fed. R. Crim. P. 29; United States v. Hickman, 626 F.3d 756, 762 (4th Cir. 2010). The jury verdict must be sustained when "there is substantial evidence in the record, when viewed in the light most favorable to the government, to support the conviction." United States v. Jaensch, 665 F.3d 83, 93 (4th Cir. 2011) (internal quotation marks omitted). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (alteration and internal quotation marks omitted).

In order to establish that Peralta was guilty of the conspiracy count, the Government was required to demonstrate (1) an agreement between two or more people to distribute and possess with intent to distribute ice or methamphetamine, (2) Peralta's knowledge of the conspiracy, and (3) Peralta's knowing

4

and voluntary participation in the conspiracy.  United States v. Hackley, 662 F.3d 671, 678 (4th Cir. 2011).  To support Peralta's conviction for the possession count, the Government was required to prove "(1) possession of the narcotic controlled substance, (2) knowledge of the possession, and (3) intent to distribute the narcotic controlled substance."  United States v. Randall, 171 F.3d 195, 209 (4th Cir. 1999).

We conclude that substantial evidence supports Peralta's convictions.  Multiple coconspirators testified that Peralta entered into agreements with several individuals to transport methamphetamine from Florida to Virginia between 2005 and 2012.  These witnesses further indicated that Peralta transported several ounces of methamphetamine into Virginia during his numerous trips and distributed the drug upon his arrival.  Finally, witnesses testified that Lumpkin shipped methamphetamine from Florida to his mother's house in Virginia, where Peralta reclaimed it and proceeded to distribute the drug in Virginia.

Peralta argues that the witnesses against him were inherently untrustworthy, as each had a significant incentive to testify against him.  However, "the jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented."  United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (alteration and internal

5

quotation marks omitted). Moreover, the jury was informed of these potential biases and each witness was cross-examined on his or her motivations for testifying.

Next, Peralta argues that the district court admitted irrelevant and prejudicial evidence, including a firearm, obtained during a 2008 traffic stop. We review a district court's evidentiary rulings for abuse of discretion. See United States v. Benkahla, 530 F.3d 300, 309 (4th Cir. 2008). A district court abuses its discretion in admitting evidence "arbitrarily or irrationally." Id. (internal quotation marks omitted). Relevant evidence may be excluded if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury." Fed. R. Evid. 403.

We discern no abuse of discretion here. "Evidence of gun possession and ownership is logically relevant in many drug conspiracies." United States v. Ward, 171 F.3d 188, 195 (4th Cir. 1999). The challenged evidence, as described by various witnesses, showed that Peralta and his coconspirators were traveling between Florida and Virginia during the relevant time frame. The evidence uncovered during the traffic stop was relevant to show that Peralta was traveling to distribute drugs.

Peralta and Lumpkin raise several challenges to their sentences. Both argue that the district court miscalculated the drug quantities attributable to them and that the district court erroneously applied a three-level leadership enhancement. Peralta further argues that the district court erroneously applied a two-level dangerous weapon enhancement, while Lumpkin asserts that the district court improperly applied an enhancement for obstruction of justice.

We review criminal sentences for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In so doing, we "must first ensure that the district court committed no significant procedural error," such as failing to calculate or improperly calculating the advisory Sentencing Guidelines range or selecting a sentence based on clearly erroneous facts. Id.

Peralta and Lumpkin first challenge the drug quantities attributed to them for Guidelines purposes. "We review the district court's calculation of the quantity of drugs attributable to a defendant for sentencing purposes for clear error." United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011) (internal quotation marks omitted). Clear error occurs if we are "left with the definite and firm conviction that a mistake has been committed." United States v. Jeffers, 570 F.3d

7

557, 570 (4th Cir. 2009) (internal quotation marks omitted).  In calculating drug amounts, the district court "may consider [any] relevant information . . . , provided that the information has sufficient indicia of reliability to support its probable accuracy."  United States v. Crawford, 734 F.3d 339, 342 (4th Cir. 2013), cert. denied, 134 S. Ct. 1528 (2014); see also U.S. Sentencing Guidelines Manual ("USSG") § 6A1.3(a).  This Court will afford the district court "broad discretion in determining what information to credit in making its calculations."  United States v. Stewart, 256 F.3d 231, 253 n.18 (4th Cir. 2001).

We discern no clear error in the district court's drug quantity calculations.  Peralta and Lumpkin both assert that the testimony relied upon by the court is unreliable.  In reviewing the district court's factual determinations, however, we must give "due regard to the opportunity of the district court to judge the credibility of the witnesses."  United States v. Uwaeme, 975 F.2d 1016, 1018 (4th Cir. 1992) (citing 18 U.S.C. § 3742(e) (1988)) (internal quotation marks omitted).  The district court, having presided over the joint trial, observed the testimony of each witness.  When ruling on Peralta's and Lumpkin's challenges to the drug quantities, the court carefully reviewed each contested paragraph, comparing the weight attributed in the presentence reports to the testimony at trial,

8

and sustained the objections as to several quantities where the amounts differed.

Peralta and Lumpkin next challenge the district court's application of a three-level leadership enhancement. The district court's imposition of a role adjustment is a factual determination reviewed for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009). A three-level enhancement under USSG § 3B1.1(b) is warranted if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants." The enhancement is appropriate where the evidence demonstrates that the defendant "controlled the activities of other participants" or "exercised management responsibility." United States v. Slade, 631 F.3d 185, 190 (4th Cir. 2011) (quoting United States v. Bartley, 230 F.3d 667, 673-74 (4th Cir. 2000)). In determining whether a § 3B1.1(b) enhancement is warranted, a court should consider:

> (1) the exercise of decision making authority, (2) the nature of participation in the commission of the offense, (3) the recruitment of accomplices, (4) the claimed right to a larger share of the fruits of the crime, (5) the degree of participation in planning or organizing the offense, (6) the nature and scope of the illegal activity, and (7) the degree of control and authority exercised over others.

Kellam, 568 F.3d at 148 (quoting USSG § 3B1.1, cmt. n.4). "Leadership over only one other participant is sufficient as

long as there is some control exercised." United States v. Rashwan, 328 F.3d 160, 166 (4th Cir. 2003).

We conclude that the district court did not clearly err in applying the leadership enhancement. The evidence at trial established that Peralta distributed methamphetamine to coconspirators for redistribution; facilitated and arranged drug transactions between various coconspirators; and directed coconspirators to transfer money via prepaid cards. Likewise, Lumpkin exercised control over another coconspirator, directing this coconspirator to travel to Virginia to distribute the drugs and to transfer the proceeds of the sales via prepaid cards.

Next, Peralta argues that the district court erred in applying a two-level enhancement for possession of a dangerous weapon. Section 2D1.1(b)(1) of the Guidelines directs a district court to apply a two-level enhancement "[i]f a dangerous weapon (including a firearm) was possessed." The enhancement is proper when the weapon at issue "was possessed in connection with drug activity that was part of the same course of conduct or common scheme as the offense of conviction." United States v. Manigan, 592 F.3d 621, 628-29 (4th Cir. 2010) (internal quotation marks omitted). The defendant bears the burden to show that a connection between his possession of a firearm and his narcotics offense is "clearly improbable." United States v. Harris, 128 F.3d 850, 852-53 (4th Cir. 1997).

10

We conclude that the enhancement was properly applied. Testimony at trial established that the traffic stop during which the gun was found occurred while Peralta was returning to Florida from distributing methamphetamine in Virginia. Peralta was the driver and his mother the registered owner of the vehicle. Although Peralta speculates that one of the two passengers could have placed the weapon under the hood without his knowledge, he has failed to offer any evidence to refute the information contained in the presentence report.

Finally, Lumpkin argues that the district court erred in applying the USSG § 3C1.1 obstruction-of-justice enhancement based on his testimony at trial. We review the imposition of this enhancement for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). The commission of perjury —- willfully giving false testimony concerning a material matter —- is a proper ground on which to base the enhancement. United States v. Dunnigan, 507 U.S. 87, 95-96 (1993). "There are three elements necessary to impose a two-level enhancement for obstruction of justice based on the defendant's perjurious testimony: the sentencing court must find that the defendant '(1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive. . . .'" United States v. Perez, 661 F.3d 189, 192 (4th Cir. 2011) (quoting United States v. Jones, 308 F.3d 425, 428 n.2 (4th Cir. 2002)).

11

We discern no clear error in the district court's application of the enhancement. At trial, Lumpkin denied any involvement in transportation and distribution of methamphetamine from Florida to Virginia; this testimony was directly contradicted by other witnesses at trial. The district court's conclusion that Lumpkin's testimony concerned a material matter and was made with the willful intent to deceive was not clearly erroneous.

## III.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED