**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4241**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TRUMAN LEVI LEWIS,

                Defendant - Appellant.

—————————

**No. 14-4242**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

NORMAN DEVI LEWIS,

                Defendant - Appellant.

—————————

**No. 14-4648**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

TRUMAN LEVI LEWIS,

                Defendant - Appellant.

―――――――――

Appeals from the United States District Court for the District of South Carolina, at Charleston. Richard M. Gergel, District Judge. (2:12-cr-00507-RMG-1; 2:12-cr-00507-RMG-3)

―――――――――

Submitted: April 30, 2015           Decided: May 12, 2015

―――――――――

Before WILKINSON, KING, and SHEDD, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Jessica Salvini, SALVINI & BENNETT, LLC, Greenville, South Carolina; Louis H. Lang, CALLISON, TIGHE & ROBINSON, LLC, Columbia, South Carolina, for Appellants. William N. Nettles, United States Attorney, James Hunter May, Winston Holliday, Assistant United States Attorneys, Columbia, South Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Truman Levi Lewis ("Truman") and Norman Devi Lewis ("Norman") appeal their convictions for conspiracy to commit health-care fraud, in violation of 18 U.S.C. §§ 1347, 1349 (2012), four counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, 2 (2012), and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1957(a), 2, (2012), based on their company's overbilling of Medicaid. Truman also appeals his 120-month sentence. Truman argues that the district court erred by excluding a certain audio recording, by finding the evidence sufficient to support his convictions, by denying his motions for a new trial based on these issues, and by enhancing his sentence for obstruction of justice based on his trial testimony.[*] Norman argues that the district court

---

[*] Counsel also purports to raise the following issues pursuant to Anders v. California, 386 U.S. 738 (1967): (1) whether the district court reversibly erred by denying Truman's motion to sever; (2) whether the district court erred by denying Truman's Fed. R. Crim. P. 29 motions because no witness made an in-court identification of him; (3) whether the district court erred by denying Truman's motions for a new trial based on the denial of the motion to sever, the denial of a motion to suppress, a lack of adequate time to review the jury panel, and ineffective assistance of counsel; (4) whether the district court reversibly erred by overruling Truman's objections to the facts presented at sentencing, the loss amount, and the leadership-role enhancement, and by ordering restitution in the amount it did; (5) whether trial counsel was ineffective; and (6) whether the district court reversibly erred by denying Truman's motion to stay forfeiture pending appeal. (Continued)

erred by failing to order a second competency evaluation and by refusing to allow him to represent himself. We affirm.

I.

Truman first argues that the district court erred by refusing to admit an audio recording of a meeting at which he reached an administrative settlement with certain officials. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). To the extent Truman challenges the district court's ruling that the recording would not be admitted in its entirety, we conclude that the district court did not abuse its discretion because the recording contained numerous

---

Anders applies only when "counsel finds his case to be wholly frivolous, after a conscientious examination of it." 386 U.S. at 744 (emphasis added). Because Truman's attorney is able to raise nonfrivolous issues on appeal, Anders does not permit her to brief frivolous issues simply because her client so requests. Cf. Jones v. Barnes, 463 U.S. 745, 750-51 (1983) (holding that Anders does not mean that "appellate counsel must raise every nonfrivolous issue requested by the client"). While a defendant "has the ultimate authority to make certain fundamental decisions regarding the case, as to whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal," the decision regarding which issues to raise on appeal lies solely with the professional judgment of counsel. Id. at 751. Nevertheless, in an abundance of caution, we have reviewed each of the issues purportedly submitted pursuant to Anders and conclude that they are without merit.

inadmissible hearsay statements by Truman. Moreover, the district court allowed Truman to request permission to present specific facts and statements from the recording. The only such fact that Truman cites on appeal as having been improperly excluded is the fact of the administrative settlement. We conclude that the district court did not act arbitrarily or irrationally in excluding evidence of this settlement, especially in light of the court's decision to allow Truman to testify regarding the general nature of the meeting. Accordingly, Truman is entitled to no relief on his evidentiary claim.

Next, Truman argues that the district court erred by denying his Rule 29 motions because there was insufficient evidence that he possessed the requisite criminal intent for his offenses. We review de novo the district court's denial of a Rule 29 motion. United States v. Reed, 780 F.3d 260, 269 (4th Cir. 2015). Where, as here, the motion was based on a claim of insufficient evidence, we will sustain the jury's verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); see Reed, 780 F.3d at 269-70 (defining substantial evidence).

The only element of the charged offenses that Truman contests on appeal is the intent requirement. See United States

5

v. Simpson, 741 F.3d 539, 547, 550 (5th Cir.) (discussing elements of conspiracy to commit health-care fraud), cert. denied, 134 S. Ct. 2318 (2014); United States v. McLean, 715 F.3d 129, 137-38 (4th Cir. 2013) (stating elements of substantive offense of health-care fraud); United States v. Wynn, 684 F.3d 473, 477-78 (4th Cir. 2012) (setting forth elements of wire fraud); United States v. Green, 599 F.3d 360, 371 (4th Cir. 2010) (providing elements of conspiracy to commit money laundering). Having reviewed the record, we conclude that the ample testimony that Truman instructed his employees to provide Medicaid with information he knew was false was sufficient for the jury to infer that he intended to deceive Medicaid and knew that these actions were criminal. See United States v. Wilson, 115 F.3d 1185, 1189-90 (4th Cir. 1997) (discussing resolution of conflicting evidence). Accordingly, the district court did not err in denying Truman's Rule 29 motions.

Truman also argues that the district court erred by denying his motions for a new trial based on the exclusion of the aforementioned audio recording and the sufficiency of the evidence. Because the district court did not abuse its discretion in excluding the recording and the evidence was sufficient to convict Truman of the charged offenses, the district court did not err in denying Truman's motions for a new

trial on these bases. See United States v. Bartko, 728 F.3d 327, 334 (4th Cir. 2013) (stating that appellate court reviews denial of motion for new trial for abuse of discretion), cert. denied, 134 S. Ct. 1043 (2014).

Finally, Truman argues that the district court erred by applying an obstruction-of-justice enhancement under U.S. Sentencing Guidelines Manual § 3C1.1 (2012), based on his testimony at trial. We review the imposition of this enhancement for clear error. United States v. Hughes, 401 F.3d 540, 560 (4th Cir. 2005). This enhancement is appropriate if the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony." United States v. Dunnigan, 507 U.S. 87, 94 (1993); United States v. Perez, 661 F.3d 189, 192-93 (4th Cir. 2011) (discussing "degree of specificity Dunnigan requires").

The district court found that Truman testified falsely that he was unaware that his employees signed notes falsely stating that they worked on weekends. On appeal, Truman argues that his testimony was not false because he admitted on cross-examination that he was in charge of the company's billing. However, this general admission does not remedy his prior testimony that he was unaware of the deceptive notes. Truman does not challenge on appeal the district court's findings that this testimony was false, material, and made with the intent to provide false

7

testimony. Accordingly, we discern no clear error in the application of the obstruction-of-justice enhancement.

## II.

Norman first challenges the district court's refusal to order a second competency evaluation based on his behavior during jury selection. In determining whether there is reasonable cause to order a competency hearing, a trial court must consider "evidence of irrational behavior, the defendant's demeanor at trial, and medical opinions concerning the defendant's competence." United States v. Bernard, 708 F.3d 583, 592-93 (4th Cir.) (internal quotation marks omitted), cert. denied, 134 S. Ct. 617 (2013). The fact that an individual possesses questionable beliefs about the law or makes frivolous or nonsensical legal arguments does not mean that he lacks competence to stand trial. United States v. Banks, 482 F.3d 733, 743 (4th Cir. 2007).

Norman's psychological report indicated that, although he had personality disorders and below-average intelligence, he was competent to stand trial. See United States v. Mason, 52 F.3d 1286, 1290 (4th Cir. 1995) ("Medical opinions are usually persuasive evidence on the question of whether a sufficient doubt exists as to the defendant's competence." (internal quotation marks omitted)). After observing Norman's behavior, the district court concluded that he was not delusional but was

deliberately behaving obstructively. Because this finding was consistent with Norman Lewis's behavior and psychological report, we conclude that the district court did not abuse its discretion in declining to conduct a second competency evaluation. See Bernard, 708 F.3d at 589-90 (stating standard of review).

Norman also argues that the district court erred by finding him incompetent to represent himself. The Sixth Amendment guarantees not only the right to be represented by counsel but also the right to self-representation. Faretta v. California, 422 U.S. 806, 819 (1975). Where, as here, the district court finds the defendant competent to stand trial, the court may nevertheless find him incompetent to represent himself at trial if a mental illness renders him "unable to carry out the basic tasks needed to present his own defense without the help of counsel." Bernard, 708 F.3d at 589-90; accord Indiana v. Edwards, 554 U.S. 164, 175-76 (2008).

The district court found that, although Norman was competent to stand trial, his disordered thinking prevented him from personally managing the large amount of documentary evidence in this case. This finding was adequately supported by Norman's refusal to review the documents presented by the Government or even acknowledge that they formed the evidence in this case, by the psychological report indicating that he had a

9

low intelligence, and by his demeanor as observed by the district court. Thus, the district court did not abuse its discretion in terminating Norman's self-representation under Edwards. United States v. Barefoot, 754 F.3d 226, 233 (4th Cir.) (stating standard of review), cert. denied, 135 S. Ct. 502 (2014).

## III.

Because the claims raised on appeal do not warrant relief, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED