**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

v.

JOSE LUIS JAIME PEREZ, a/k/a Pri, a/k/a Canello, a/k/a Jose Luis Jaimes Perez,

        *Defendant-Appellant.*

No. 09-4150

Appeal from the United States District Court
for the Western District of Virginia, at Harrisonburg.
Glen E. Conrad, Chief District Judge.
(5:07-cr-00063-gec-jgw-18)

Argued: September 23, 2011

Decided: November 2, 2011

Before GREGORY and DAVIS, Circuit Judges, and
Damon J. KEITH, Senior Circuit Judge of the
United States Court of Appeals for the Sixth Circuit,
sitting by designation.

Affirmed in part, reversed in part, and remanded by published opinion. Judge Gregory wrote the opinion, in which Judge Davis and Senior Judge Keith joined.

**COUNSEL**

**ARGUED:** Charles Michael Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant. Donald Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee. **ON BRIEF:** Julia C. Dudley, United States Attorney, Joshua Smith, Rising Third Year Law Student, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

**OPINION**

GREGORY, Circuit Judge:

In this case, a criminal defendant challenges his sentence for a drug conspiracy conviction, arguing that the district court erroneously denied his request for new counsel and improperly imposed an obstruction of justice sentencing enhancement. For the reasons that follow, we affirm the denial of Perez's motion for new counsel, but reverse and remand the case for resentencing because the district court did not find the necessary factual predicates to impose an obstruction of justice enhancement.

I.

Appellant, Jose Luis Jaime Perez, was convicted of conspiracy to manufacture, distribute, and possess with intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. § 846 (2006). After his conviction but before sentencing, Perez moved to have the district court appoint him new counsel. The district court, which had previously appointed him new counsel before trial, denied Perez's motion without a hearing. At the sentencing hearing, the court heard from Perez on his reasons for filing the motion. Perez said that he was unhappy with his attorney's level of prepara-

tion and that his attorney did not visit him often enough. The court found that Perez's attorney's performance was above average and that Perez would be better off if he were represented by someone who was familiar with his case. It denied the motion for a second time.

At the same hearing, defense counsel objected to the presentence report's recommendations, arguing that the trial testimony did not support either the drug weight attributed to Perez or the two-level managerial role enhancement it recommended. The Government also objected to the report, contending that a two-level obstruction of justice enhancement should be imposed. The court sustained the Government's objection, making two comments. First:

> It follows from the analysis that's just been given that the jury disbelieved Mr. Perez. Accordingly, the jury determined that he did not testify truthfully at trial and under well established Fourth Circuit precedent, lack of truthfulness at trial does often constitute obstruction of justice and I find that rule to apply here.

Second, the court said:

> [T]he fact remains that the jury decided this matter unfavorably toward Mr. Perez. Given that fact and given certain of Mr. Perez's actions when he was first confronted by the police, especially in regards to the female who was present at that scene, the Court remains convinced that Mr. Perez did engage in obstruction of justice. For that matter, as between Ms. Tharp and Mr. Hernandez on the one side and Mr. Perez on the other side, the Court agrees that the government witnesses were more credible, from the Court's perspective, than was Mr. Perez . . . The Court believes that the jury reasonably accepted testimony of the government witnesses, rejected that of

Mr. Perez and the Court believes that Mr. Perez's testimony at trial was not credible and constituted obstruction of justice.

The court also sustained defense counsel's objection to the aggravated role enhancement, overruled the objection as to drug weight, and sua sponte reduced Perez's criminal history by two points. The modifications led to an advisory sentence of 262 to 327 months, and the court sentenced Perez to 262 months. Perez timely appealed.

## II.

## A.

Perez argues that the district court improperly denied his motion for new counsel. This Court reviews a district court's ruling on a motion to substitute counsel for abuse of discretion. *United States v. Reevey*, 364 F.3d 151, 156 (4th Cir. 2004) (citing *United States v. Corporan-Cuevas*, 35 F.3d 953, 956 (4th Cir. 1994)).

The Sixth Amendment protects the right of an indigent defendant to be represented by counsel. *Gideon v. Wainwright*, 372 U.S. 335 (1963). That right, however, is not absolute; it cannot "deprive courts of the exercise of their inherent power to control the administration of justice." *United States v. Gallop*, 838 F.2d 105, 107 (4th Cir. 1988). An indigent defendant "can demand a different appointed lawyer only with good cause." *Id.* In determining whether a district court abused its discretion in denying a motion for new counsel, the Fourth Circuit considers three factors: the "timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense." *Id.* The appellate court then weighs these factors against the district court's interest in the "orderly administration of justice." *Reevey*, 364 F.3d at 156.

With respect to the first factor, Perez delayed in bringing his motion. He was convicted on September 16, 2008, and had his sentencing hearing scheduled for February 2, 2009, but did not request new counsel until January 22. That is, he waited for slightly over four months to bring the motion less than two weeks before his sentencing hearing. If the district court had granted the motion, it may have had to postpone the sentencing hearing. The second factor also weighs in the Government's favor, albeit slightly. On the one hand, the district court summarily denied Perez's motion without conducting a hearing. This cuts against the Government insofar as we have held that "[a]n inquiry into the reasons for a defendant's dissatisfaction with his or her lawyer is necessary for the trial court to determine whether good cause for substitution exists." *United States v. Mullen*, 32 F.3d 891, 896 (4th Cir. 1994) (citing *United States v. Welty*, 674 F.2d 185, 188 (3d Cir. 1982)). On the other hand, at the sentencing hearing the court requested that Perez explain why he believed he should be appointed new counsel, considered those reasons, and then found that Perez's attorney had done an effective job representing him. The third factor—whether the conflict resulted in a total lack of communication preventing an adequate defense—points firmly toward the Government because there was neither a lack of communication nor an inadequate defense. When Perez was asked to explain why he made his motion for new counsel, he said, "[I am] sure that my lawyers have acted according to the law." His concern was only that "[defense counsel] has avoided my rights. He has been not paying attention to them." Perez also indicated that his attorney "didn't come to visit [him] too often." By his own admission, then, Perez and his attorney did speak. Similarly, the district court found that Perez's attorney represented him effectively, necessitating the conclusion that he was provided with an adequate defense.

Weighing these factors against the district court's interest in efficiently administering justice, we find that the court correctly denied Perez's motion.

B.

Perez next contends that the district court improperly applied a two-level enhancement for obstruction of justice. We agree.

The appellate courts conduct a reasonableness inquiry coupled with an abuse-of-discretion standard of review to determine whether a sentence imposed by a district court was proper. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). Unreasonableness has both substantive and procedural elements. *Gall*, 552 U.S. at 51. Substantive unreasonableness "[e]xamines the totality of the circumstances to see whether the sentencing court abused its discretion . . . ." *United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010). Procedural unreasonableness "evaluates the method used to determine a defendant's sentence." *Id.*

There are three elements necessary to impose a two-level enhancement for obstruction of justice based on the defendant's perjurious testimony: the sentencing court must find that the defendant "(1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive . . . ." *United States v. Jones*, 308 F.3d 425, 428 n.2 (4th Cir. 2002). In *United States v. Dunnigan*, the Supreme Court considered whether an enhancement based on perjury unconstitutionally undermines the right to testify in one's own defense. 507 U.S. 87, 96 (1993). Answering in the negative, the Court noted that "not every accused who testifies at trial and is convicted will incur an enhanced sentence." *Id.* at 95. A defendant could, for example, give false testimony about a non-material matter, or he might lack the requisite mens rea because her false testimony was the result of "confusion, mistake, or faulty memory." *Id.* Therefore, the Court held, if the defendant objects to an enhancement "resulting [from] his trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or

obstruction of, justice . . . ." *Id.* "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.* It is enough, however, if "the court makes a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury." *Id.*; *see also Jones*, 308 F.3d at 428 n.2 (citations omitted); *United States v. Murray*, 65 F.3d 1161, 1165 (4th Cir. 1995).

At issue here is the degree of specificity *Dunnigan* requires as to each of the elements of perjury—how specific, in other words, the finding that "encompasses all the factual predicates" for perjury must be. The Supreme Court's opinion in *Dunnigan* stands for the proposition that a mere statement that the defendant committed perjury is insufficient; otherwise, the "encompassing all of the factual predicates" language would be meaningless. Consistent with this reasoning, in *United States v. Smith*, 62 F.3d 641, 647 (4th Cir. 1995), this Court overturned a finding of perjury when the district court summarily denied the defendant's objection to the sentencing enhancement. But the application of *Dunnigan* in this Circuit has not always been so clear-cut. In *United States v. Quinn*, 359 F.3d 666, 681 (4th Cir. 2004), we affirmed an obstruction of justice enhancement for perjury even though the district court did not specifically find that the false testimony was material, but did provide sufficient explanation to permit this Court to conclude that it was. And in *United States v. Cook*, 76 F.3d 596, 605-06 (4th Cir. 1996), we upheld an obstruction of justice enhancement based on the district court's finding that the defendant did not testify truthfully and that his testimony was "strained."

To date, we have not provided a great deal of guidance to the district courts in applying *Dunnigan*, but we resolve to do so today. If a district court does not make a specific finding as to each element of perjury, it must provide a finding that *clearly establishes* each of the three elements. With respect to willfulness, for example, it would, in the usual case, be

enough for the court to say, "The defendant knew that his testimony was false when he gave it," but it could not simply assert, "The third element is satisfied." While some may suggest this is little more than an empty formality, we believe it serves a vital purpose. Factual findings are reviewed under the deferential abuse-of-discretion standard, and requiring district courts to clearly articulate the findings necessary to reach a legal conclusion preserves our ability to conduct meaningful appellate review.

Here, the district court did not make the requisite finding to establish that Perez engaged in obstruction of justice. It is true that the court found Perez's testimony was false when it said, "Accordingly, the jury determined that [Perez] did not testify truthfully at trial . . . ." However, there was no indication that the false testimony concerned a material matter or that it was willfully given. And while one might argue that materiality was clearly established here, the district court made no finding as to willfulness. Even in *Cook*—an opinion that admittedly pushes up against the limits established in *Dunnigan*—the district court made a statement strongly suggesting that the defendant willfully gave false testimony. *Cook*, 76 F.3d at 605-06. Here, in contrast, the district court came closest to addressing willfulness when it said, "Given that fact and given certain of Mr. Perez's actions when he was first confronted by the police, especially in regards to the female who was present at that scene, the Court remains convinced that Mr. Perez did engage in obstruction of justice." But neither party provides any context as to what the court meant by "Mr. Perez's actions," making it impossible to conclude that willfulness was ever established. We therefore hold that the district court improperly applied the obstruction of justice sentencing enhancement by failing to find the factual predicates necessary to conclude that Perez committed perjury.*

---

*Because neither party raised harmless error review in their briefs, we decline to consider that issue.

## III.

For the foregoing reasons, we affirm the denial of Appellant's request for new counsel, reverse the imposition of the obstruction of justice enhancement, and remand the case for resentencing.

*AFFIRMED IN PART,*
*REVERSED IN PART,*
*AND REMANDED*