**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5041**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

TIFFANY NICOLE JONES,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. John Preston Bailey, Chief District Judge. (3:11-cr-00011-JPB-DJJ-1)

───────────

Submitted: June 29, 2012          Decided: July 6, 2012

───────────

Before DUNCAN and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed in part, vacated and remanded in part by unpublished per curiam opinion.

───────────

Nicholas J. Compton, Assistant Federal Public Defender, Martinsburg, West Virginia, for Appellant. William J. Ihlenfeld, II, United States Attorney; Thomas O. Mucklow, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiffany Nicole Jones appeals her conviction for distribution of cocaine base ("crack"), in violation of 21 U.S.C. § 841 (2006), and sentence of sixty months' imprisonment. We affirm the conviction, but vacate the sentence and remand for resentencing.

First, Jones challenges her conviction, arguing that the district court's evidentiary ruling related to the admissibility of a witness's prior conviction was error. We review a district court's evidentiary rulings for abuse of discretion. United States v. Byers, 649 F.3d 197, 206 (4th Cir.), cert. denied, 132 S. Ct. 468 (2011). After reviewing the record, we conclude that the district court did not abuse its discretion in finding that the evidence was inadmissible. We therefore affirm Jones's conviction.

Jones next challenges her sentence, asserting that she was improperly denied the benefit of the Fair Sentencing Act of 2010 ("FSA"). In light of Dorsey v. United States, 567 U.S. __ , 2012 WL 2344463 (U.S. June 21, 2012), we agree. Jones's offense conduct occurred in 2008, before the enactment of the FSA, but she was sentenced in 2011 — after the enactment of the FSA. Under Dorsey, Jones is within the class of defendants to whom the FSA applies. Because the FSA applies to Jones's sentence,

2

it was error for the district court to apply the pre-FSA's statutory mandatory minimum of sixty months' imprisonment.

Jones also asserts error in the district court's imposition of a two-level enhancement for obstruction of justice. We review a sentence for reasonableness using a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In determining procedural reasonableness, we initially consider whether the court properly calculated the Guidelines range. Id. at 49-51. We conclude that the district court committed procedural error in its imposition of the enhancement.

A defendant's offense level may be increased two levels if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction." U.S. Sentencing Guidelines Manual § 3C1.1 (2011). We recently held in United States v. Perez, 661 F.3d 189, 192 (4th Cir. 2011), that to impose the enhancement based on perjury, "the sentencing court must find that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." Id. at 192 (internal quotation marks and alteration omitted). "If a district court does not make a specific finding as to each element of perjury, it must provide a finding that clearly

3

establishes each of the three elements." Id. at 193 (emphasis original). The district court's explanation does not clearly establish each of the required elements.[*] We thus conclude that the district court procedurally erred in applying the enhancement.

Accordingly, we affirm Jones's conviction. We vacate her sentence and remand for resentencing in light of Dorsey and Perez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED AND REMANDED IN PART

---

[*] We express no opinion as to whether the facts of this case support the enhancement, but merely conclude that the district court failed to make the findings required by Perez. On remand, the court is free to consider anew whether the enhancement is applicable.

4