UNITED STATES of America,
Plaintiff–Appellee,

v.

Dawantaye BOSWELL, Defendant–
Appellant.

No. 12–4893.

United States Court of Appeals,
Fourth Circuit.

Submitted: June 10, 2013.

Decided: June 20, 2013.

Douglas Sughrue, Pittsburgh, Pennsylvania, for Appellant. William J. Ihlenfeld, II, United States Attorney, John C. Parr,

Assistant United States Attorney, Wheeling, West Virginia, for Appellee.

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dawantaye Boswell appeals both the denial of his motion to suppress and his convictions and 235–month sentence for possessing with the intent to distribute within one thousand feet of a public housing facility more than 280 grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(a)(1), (b)(1)(A), and 860 (West 1999 & Supp.2013), and for establishing his apartment for the purpose of manufacturing or distributing controlled substances, in violation of 21 U.S.C. § 856(a)(2) (2006). Boswell asserts three errors on appeal, claiming (1) that the district court erred in denying his motion to suppress; (2) that the district court abused its discretion by admitting into evidence an incoming text message found on one of the cell phones located in Boswell's apartment; and (3) that the district court failed at sentencing to make the findings required to support a two-point obstruction of justice enhancement under *U.S. Sentencing Guidelines Manual* ("USSG") § 3C1.1 (2011). Concluding that the district court committed no reversible error, we affirm.

Boswell first claims that the district court erred in denying his motion to suppress the fruits of the first warrant procured by law enforcement officers to search his apartment. The district court's legal conclusions underlying a suppression determination are reviewed de novo, while its factual findings are reviewed for clear error. *United States v. Guijon–Ortiz*, 660

F.3d 757, 762 (4th Cir.2011). Because the district court denied the motion to suppress, the evidence is construed on appeal in the light most favorable to the government. *United States v. Perkins*, 363 F.3d 317, 320 (4th Cir.2004).

■ For purposes of our analysis, we will assume without deciding that the search warrant at issue was unsupported by probable cause. After reviewing the record, however, we conclude that the evidence seized from Boswell's apartment was not subject to exclusion, given the applicability of the good faith exception to the warrant requirement. This exception stems from the fact that the exclusionary rule is a "prudential," rather than a constitutional, rule intended solely to deter future Fourth Amendment violations. *Davis v. United States*, — U.S. —, 131 S.Ct. 2419, 2426, 180 L.Ed.2d 285 (2011). When an officer acts " 'with objective good faith' within the scope of a search warrant issued by a magistrate," suppression of the evidence obtained by the officer does not serve the exclusionary rule's deterrence objective, since the officer has, in fact, attempted to comport with the law. *United States v. Perez*, 393 F.3d 457, 461 (4th Cir.2004) (quoting *United States v. Leon*, 468 U.S. 897, 920, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)).

As a result, "a court should not suppress the fruits of a search conducted under the authority of a warrant, even a 'subsequently invalidated' warrant, unless 'a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization.' " *United States v. Bynum*, 293 F.3d 192, 195 (4th Cir.2002) (quoting *Leon*, 468 U.S. at 922 n. 23, 104 S.Ct. 3405). In other words, "evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on

the warrant was 'objectively reasonable.'" *Perez,* 393 F.3d at 461 (quoting *Leon,* 468 U.S. at 922, 104 S.Ct. 3405)

Although Boswell claims that the affidavit supporting the warrant was so sparse and facially deficient that the executing officers could not reasonably have assumed that it was valid, we disagree. *See, e.g., United States v. Grossman,* 400 F.3d 212, 217 (4th Cir.2005) (explaining the requirement that an affidavit demonstrate a fair probability that evidence of a crime be located in the place to be searched). Our review of the affidavit leads us to conclude that the affidavit was not so lacking in indicia of probable cause that the law enforcement officers' reliance on the warrant was objectively unreasonable. Therefore, we hold that the district court did not err in denying Boswell's motion to suppress. *Leon,* 468 U.S. at 923, 104 S.Ct. 3405.

■ Boswell next asserts that the district court abused its discretion in declining to exclude from evidence an incoming text message that was found on one of the cell phones in Boswell's apartment. The text message stated, "NVM the weed. I still want the other though." The officers interpreted this message as a request to purchase drugs. Although Boswell contends that the message was inadmissible hearsay, we disagree.

Hearsay, under the Federal Rules of Evidence, is an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed.R.Evid. 801(c)(2); *see United States v. Washington,* 498 F.3d 225, 231 (4th Cir. 2007). The truth of the assertion in the text message by the declarant regarding whether he actually changed his mind regarding "the weed," yet desired to obtain "the other" type of drug, is irrelevant to Boswell's case. *See United States v. Arteaga,* 117 F.3d 388, 397 (9th Cir.1997) (articulating several categories of non-hearsay uses of statements). Rather, the text message was relevant to show that it "was made" to Boswell. *United States v. Ayala,* 601 F.3d 256, 272 (4th Cir.2010) (quoting *Anderson v. United States,* 417 U.S. 211, 220 n. 8, 94 S.Ct. 2253, 41 L.Ed.2d 20 (1974)).

■ In the same way that the drug distribution paraphernalia littering Boswell's residence was circumstantial evidence that Boswell was in the business of drug distribution, the fact that he received an inquiry from the declarant who thought, rightly or wrongly, that Boswell could provide him with drugs was also circumstantial evidence of Boswell's enterprise. *See United States v. Safari,* 849 F.2d 891, 894 (4th Cir.1988) (holding that letters containing plans to smuggle drugs were admitted not for their truth but simply to show defendant's knowledge that a subsequent package would contain drugs); *see also United States v. Lis,* 120 F.3d 28, 30–31 (4th Cir.1997) (lists of numbers were not hearsay because their probative value did not rely on their being accurate or reliable but was based merely on the fact that the lists had been compiled at all). Because the text message was not offered to establish the truth of the matters asserted within it, the district court did not abuse its discretion by admitting the text message as evidence *See United States v. Hornsby,* 666 F.3d 296, 307 (4th Cir.2012) (stating standard).

Finally, Boswell claims that the district court did not make sufficient factual findings to support the application of the U.S.S.G. § 3C1.1 obstruction of justice enhancement. In assessing whether a sentencing court correctly applied the Guidelines, the district court's factual findings are reviewed for clear error and its legal conclusions are reviewed de novo. *United States v. Osborne,* 514 F.3d 377, 387 (4th Cir.2008).

The district court applied the obstruction of justice enhancement based on Boswell's trial testimony, in which he claimed that none `of the drug-related items found in his apartment belonged to him and that another individual had used his apartment without his permission to "cook" more than 400 grams of cocaine base. The district court determined that Boswell willfully gave false testimony of a material matter. Although Boswell contends that the district court failed to make findings on the three elements of perjury that were sufficient to comport with our mandate in *United States v. Perez*, 661 F.3d 189, 192 (4th Cir.2011), we disagree and conclude that there was a sufficient basis to support district court's decision to apply the enhancement to Boswell.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this Court and argument would not aid the decisional process.

*AFFIRMED.*