**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4842**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

RASHEEDA MCCONNELL,

        Defendant - Appellant.

_____

**No. 14-4855**
_____

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

BRANDON JERMAINE JOHNSON,

        Defendant - Appellant.

_____

Appeals from the United States District Court for the Eastern District of Virginia, at Richmond.    John A. Gibney, Jr., District Judge. (3:14-cr-00028-JAG-3; 3:14-cr-00028-JAG-1)

_____

Submitted:  May 8, 2015          Decided:  May 28, 2015

_____

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

W. Barry Montgomery, KALBAUGH, PFUND & MESSERSMITH, PC, Richmond, Virginia; Michael S. Nachmanoff, Federal Public Defender, Nia A. Vidal, Assistant Federal Public Defender, Patrick L. Bryant, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellants. Dana J. Boente, United States Attorney, Michael C. Moore, Assistant United States Attorney, Charles A. Quagliato, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brandon Jermaine Johnson pleaded guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349 (2012), and three counts of bank fraud and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1344 (2012). A federal jury convicted Rasheeda McConnell of conspiracy to commit bank fraud, and six counts of bank fraud and aiding and abetting. The district court sentenced Johnson to 96 months of imprisonment and sentenced McConnell to 60 months of imprisonment. They both appeal their sentences. Finding no error, we affirm.

Johnson and McConnell argue on appeal that the district court erred in calculating the intended loss attributable to them under the Sentencing Guidelines. We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir. 2009). We will presume on appeal that a sentence within a properly calculated advisory Guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding presumption of reasonableness for within-Guidelines sentence).

Moreover, in reviewing the district court's calculations under the Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error."

3

United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted); see also United States v. Otuya, 720 F.3d 183, 191 (4th Cir. 2013) (district court's calculation of loss amount reviewed for clear error), cert. denied, 134 S. Ct. 1279 (2014). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631.

"In calculating the loss for purposes of the [U.S. Sentencing Guidelines Manual] § 2B1.1(b)(1) [(2014)] enhancement, a district court may consider 'the greater of actual loss or intended loss' and must only make a 'reasonable estimate' of that amount based on available information." Otuya, 720 F.3d at 191 (quoting USSG § 2B1.1 cmt. n.3(A), (C)). "In a case like this one involving jointly undertaken criminal activity, a particular loss may be attributed to a defendant if it results from the conduct of others so long as the conduct was 'in furtherance of, and reasonably foreseeable in connection with' the criminal activity." Id. (quoting USSG § 1B1.3(a)(1)(B)). Due to the unique position of a sentencing judge in assessing the evidence, "the court's loss determination is entitled to appropriate deference." United States v. Abdulwahab, 715 F.3d 521, 534 (4th Cir. 2013) (internal quotation marks omitted). We have thoroughly reviewed the record and conclude that the district court did not clearly err

4

in calculating the intended loss attributable to Johnson and McConnell under the Guidelines.

Johnson also argues that the court erred in applying an enhancement under the Guidelines for obstruction of justice based on his testimony at McConnell's trial. Pursuant to USSG § 3C1.1, a district court must apply a two-level enhancement in offense level if the defendant attempted to obstruct or impede the administration of justice with respect to the prosecution of the offense of conviction and that conduct related to the conviction or a closely related offense. In order to apply the enhancement based on a defendant's perjurious testimony, "the sentencing court must find that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." United States v. Perez, 661 F.3d 189, 192 (4th Cir. 2011) (internal quotation marks omitted). Our review of the record and the relevant legal authorities leads us to conclude that the court correctly applied the enhancement for obstruction of justice in calculating Johnson's advisory Guidelines range.

Finally, McConnell challenges the substantive reasonableness of her sentence. We have reviewed the district court's thorough and reasoned explanation of McConnell's sentence. We conclude, based on the reasons cited by the district court, that McConnell has failed to overcome the

presumption of reasonableness applied to her within-Guidelines sentence.

Accordingly, we affirm the judgments of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid in the decisional process.

AFFIRMED
