**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-4858

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO EUGENE STATEN,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Max O. Cogburn, Jr., District Judge. (3:13-cr-00225-MOC-1)

Submitted: June 22, 2015          Decided: July 7, 2015

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Denzil H. Forrester, THE LAW OFFICES OF DENZIL H. FORRESTER, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Anthony J. Enright, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

An indictment charged Antonio Eugene Staten with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (2012) (Count 1), and using or carrying a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2012) (Count 2). Prior to trial, Staten moved to suppress his confession, testifying that police failed to deliver Miranda[*] warnings before obtaining his confession and that police used threatening and coercive tactics to obtain his confession. The district court found Staten's testimony not credible and denied the motion to suppress. A jury convicted Staten on Count 1, but acquitted him on Count 2. At sentencing, the district court, based on Staten's testimony at the suppression hearing, applied a two-level obstruction of justice adjustment when setting Staten's Sentencing Guidelines range and imposed a 21-month sentence. On appeal, Staten challenges the district court's application of the obstruction of justice adjustment. Finding no error, we affirm.

"We review the reasonableness of a sentence under a deferential abuse-of-discretion standard, first ensuring that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines

---

[*] Miranda v. Arizona, 384 U.S. 436 (1966).

2

range."  United States v. Cox, 744 F.3d 305, 308 (4th Cir. 2014) (internal quotation marks and brackets omitted).  In reviewing the district court's application of the Guidelines and its imposition of a sentencing adjustment, we review factual findings for clear error, legal conclusions de novo, and unpreserved arguments for plain error.  United States v. Strieper, 666 F.3d 288, 292 (4th Cir. 2012).

An obstruction of justice adjustment is appropriate, as relevant here, when a defendant provides "materially false information to a judge or magistrate judge."  U.S. Sentencing Guidelines Manual § 3C1.1 cmt. n.4(F) (2013).  Information is "material" where, "if believed, [it] would tend to influence or affect the issue under determination."  USSG § 3C1.1 cmt. n.6.

Having reviewed the record, we reject Staten's argument that the district court failed to sufficiently articulate its reasons for applying the adjustment.  The district court's statement that Staten's testimony at the suppression hearing was "completely concocted in order to try and get out of a confession" encompasses all of the elements necessary to impose the adjustment and permits for meaningful appellate review.  Cf. United States v. Perez, 661 F.3d 189, 193 (4th Cir. 2011) ("[R]equiring district courts to clearly articulate the findings necessary to reach a legal conclusion preserves our ability to conduct meaningful appellate review.").

Staten also contends that the district court erred with respect to its credibility determination. We "defer to a district court's credibility determinations, for it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008) (internal quotation marks omitted). Staten's arguments regarding who actually owned the firearm are irrelevant to whether he provided false statements when he testified that police did not deliver timely Miranda warnings.

Finally, Staten argues that even if his statements were false, they were not material because they did not impact the jury's verdict. Because Staten did not raise this argument in the district court, we review for plain error. Strieper, 666 F.3d at 292. When Staten testified, "the issue under determination" was whether his confession was admissible. Staten's false testimony about events surrounding his confession was clearly material to the admissibility of that confession.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately expressed in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4