**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4796**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

FABIAN DAVID SPARROW,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.   Richard L. Voorhees, District Judge.  (5:13-cr-00022-RLV-DSC-2)

Submitted:  October 31, 2016       Decided:  November 29, 2016

Before WILKINSON, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eric A. Bach, Charlotte, North Carolina, for Appellant. Jill Westmoreland Rose, United States Attorney, Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fabian David Sparrow appeals from the sentence and restitution imposed after he pleaded guilty to one count of conspiring to defraud the United States by making false statements to a federal agency and submitting false statements to HUD and destruction of records in a federal investigation, in violation of 18 U.S.C. § 371 (2012). He received a below-Guidelines sentence of 41 months and was ordered to pay $4,175,435.71 in restitution. Finding no error, we affirm.

Sparrow contends that the district court clearly erred in applying a sentencing enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual § 3C1.1 (2015) based on his failure to truthfully comply with grand jury questions and requests.* We review the imposition of an obstruction of justice enhancement for clear error. United States v. Andrews, 808 F.3d 964, 969 (4th Cir. 2015), cert. denied, 136 S. Ct. 1392 (2016). The two-level enhancement is appropriate when a defendant "willfully . . . attempt[s] to obstruct or impede[] the administration of justice." USSG § 3C1.1. To apply the enhancement based on perjury, see USSG § 3C1.1 cmt. n.4(F), the

---

* Sparrow's brief also addresses the enhancement based on his travel to Qatar. However, because the court did not apply the enhancement on this basis, we address only the grand jury testimony and compliance issue.

2

district court must find by a preponderance of the evidence that the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony," United States v. Dunnigan, 507 U.S. 87, 94 (1993). If a court fails "to address each element of the alleged perjury in a separate and clear finding," the application of the enhancement may be upheld as long as "the court makes a finding . . . that encompasses all of the factual predicates for a finding of perjury." Id. at 95; see United States v. Perez, 661 F.3d 189, 192-93 (4th Cir. 2011) (discussing "degree of specificity Dunnigan requires"). The adjustment also applies to a defendant who conceals "evidence that is material to an official investigation or judicial proceeding" or attempts to do so. USSG § 3C1.1 cmt. n.4(D).

Here, the district court found that Sparrow testified falsely before the grand jury by telling the grand jury that his accountant held the Eagle's Nest records and that his accountant was deceased. The district court found that Sparrow attempted to conceal the location of the records. The court found that Sparrow "misrepresented the notion that the accountant who had the records was deceased, which was not the case; that he had the records; which was not the case." The court continued that Sparrow's statements were knowingly made and that Sparrow gave "false testimony concerning a material matter with the willful

3

intent to deceive." The court satisfied the requirements of Dunnigan and its conclusions were based on factual testimony presented by the Government. Thus, we conclude that the court did not clearly err in applying the obstruction of justice enhancement.

Next, Sparrow challenges the $4.1 million restitution order on appeal. He contends that the Government did not prove a sufficient nexus between himself and the parties due restitution, that the additional named parties were not in the presentence report but in the Government's sentencing exhibit only, that counsel objected to this lack of notice, and the Government cannot rely on additional filings that were not part of the PSR. Sparrow, however, entered into an agreement with the Government prior to sentencing regarding the amount of foreseeable loss to establish the offense level and the amount of restitution. The Government summarized the agreement:

> For the purposes of the stipulation, and the concession that the defendant has agreed with regards to restitution, the government would agree that the loss is less than $550,000 contingent on the following. 1. That the defendant stipulates to the facts underlying the . . . presentence report which supports these loss numbers; and 2. That the defendant agree to the restitution numbers and figures that were presented to the [c]ourt yesterday in . . . document 28-1. [The document] lists a number of loans that is consistent with the Victim Impact Statements in this case and would require a payment of total restitution in the amount of $4,175,435.71. So the bottom line is that the government—if the defendant concedes to the facts supporting these loss numbers, both in

4

> restitution and in the guidelines, the government would concede that the offense level . . . should be a level 12.

J.A. 78. The judge asked defense counsel if the Government's summary was "an accurate summary and rendition of the agreement." And counsel replied that it was.

As this court has recognized, "[a] waiver is the intentional relinquishment or abandonment of a known right." United States v. Robinson, 744 F.3d 293, 298 (4th Cir. 2014) (internal quotation marks omitted). "Waiver is to be distinguished from forfeiture, which is the failure to make the timely assertion of a right." Id. (internal quotation marks omitted). "[W]hen a claim is waived, it is not reviewable on appeal, even for plain error." Id. "Rather, a valid waiver means that there was no error at all." Id. (internal quotation marks omitted). Where a party identifies an issue and then withdraws it, he has waived the issue, and his claim is not reviewable on appeal. Id. Whether a waiver is knowing and voluntary is determined based on the totality of the circumstances. Id. at 298-99.

Here, Sparrow does not suggest that his agreement was not knowing and voluntary. The record supports that Sparrow intentionally relinquished the right to contest the restitution amount when he entered into an agreement with the Government. The Government agreed to support a reduced amount of loss and

5

resulting offense level and Sparrow agreed to the revised restitution amount. Thus, Sparrow has waived appellate review of the amount of restitution ordered in the judgment.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>