**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4543**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY SCOTT WENK, a/k/a Timothy Scott, a/k/a Tim Scott,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, Senior District Judge. (3:17-cr-00085-HEH-1)

Submitted: May 31, 2019                                Decided: June 13, 2019

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Andrew M. Stewart, DENNIS, STEWART & KIRSCHER, PLLC, Arlington, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Brian R. Hood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Scott Wenk pleaded guilty to two counts of wire fraud, in violation of 18 U.S.C. § 1343 (2012), and the district court imposed concurrent upward variant sentences of 144 months' imprisonment. On appeal, Wenk argues that the district court abused its discretion by denying his motion to withdraw and to appoint new counsel and that his sentence is unreasonable. The Government moves to dismiss the appeal of Wenk's sentence as barred by the appellate waiver contained in Wenk's plea agreement, and Wenk, in turn, challenges the enforceability of the waiver based on an alleged sentencing error. We affirm in part and dismiss in part.

I

Where, as here, the Government seeks to enforce the appeal waiver and Wenk has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue being appealed falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Wenk does not contest that he knowingly and intelligently waived his right to appeal, *see United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that the waiver is valid and enforceable, s*ee Dillard*, 891 F.3d at 156 (stating standard of review). Moreover, Wenk's claim on appeal that an alleged sentencing error rendered the appellate waiver unenforceable is misplaced as Wenk received a sentence within the statutory maximum and the alleged error did not impact the knowing and intelligent nature of the waiver. *See United States v. Johnson*, 410 F.3d 137, 151 (4th Cir. 2005) (discussing circumstances under which valid waiver will not be enforced). We conclude

2

that Wenk's challenge to the reasonableness of his sentence falls within the waiver's scope. Thus, we dismiss this portion of the appeal.

II

We review the denial of a motion to withdraw for an abuse of discretion.[*] *United States v. Blackledge*, 751 F.3d 188, 193 (4th Cir. 2014). As part of our abuse-of-discretion inquiry, "we consider three factors: (1) timeliness of the motion; (2) adequacy of the court's inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense." *Id.* at 194 (internal quotation marks omitted). In assessing the third factor, "a total lack of communication is not required: [r]ather an examination of whether the extent of the breakdown prevent[ed] the ability to conduct an adequate defense is the necessary inquiry." *United States v. Smith*, 640 F.3d 580, 588 (4th Cir. 2011) (brackets and internal quotation marks omitted). Thus, our concern is "not with the indigent defendant's freedom of choice or . . . whether the attorney[s] and [their] client have a meaningful relationship," but on whether "a breakdown of attorney-client communication [is] so great that the principal purpose of the appointment—the mounting of an adequate defense incident to a fair trial—has been frustrated." *Id.* (citation and internal quotation marks omitted).

---

[*] The Government does not invoke the waiver with regard to the appeal of the district court's order denying the motion to withdraw and to appoint new counsel, and therefore we do not address the appellate waiver's impact on this argument. *See United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012) (refusing to enforce appellate waiver sua sponte).

Turning to the first factor, Wenk timely filed the motion two weeks before sentencing. *See Blackledge*, 751 F.3d at 194. With respect to the second factor, we conclude that the court engaged in an adequate inquiry at the hearing on the motion. *See United States v. Perez*, 661 F.3d 189, 192 (4th Cir. 2011) (concluding that inquiry factor weighed in Government's favor where district court asked defendant to explain his request, considered defendant's reasons, and found current counsel had effectively represented defendant).

As for the third factor, the district court did not clearly err in finding that—despite an apparently contentious attorney-client relationship—Wenk's communication with his attorneys had not prevented the presentation of an adequate defense. At the hearing, Wenk indicated that he was in communication with his attorneys and that his frustrations grew from the content of their discussions, rather than from a lack of communication. Moreover, as Wenk's attorneys successfully challenged portions of the Government's proposed attributable loss amount and provided Wenk with various strategies to argue against an upward departure or variance, the strained attorney-client relationship did not prevent Wenk's attorneys from providing him with an adequate defense. Therefore, we conclude that the district court did not abuse its discretion in denying the motion to withdraw and to appoint new counsel.

Accordingly, we dismiss Wenk's appeal of his sentence, and we affirm the district court's order denying the motion to substitute counsel. We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before

this court and argument would not aid the decisional process.

AFFIRMED IN PART,
DISMISSED IN PART