**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4858

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ARTHUR JOSEPH GERARD, III,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Max O. Cogburn, Jr., District Judge.  (3:16-cr-00270-MOC-DSC-1)

Submitted:  October 9, 2020                           Decided:  October 22, 2020

Before MOTZ and KING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

William R. Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.  Richard E. Zuckerman, Principal Deputy Assistant Attorney General, S. Robert Lyons, Chief, Criminal Appeals & Tax Enforcement Policy Section, Katie S. Bagley, Mark S. Determan, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; R. Andrew Murray, United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Joseph Gerard, III, appeals his conviction and sentence for conspiracy to commit tax fraud, in violation of 18 U.S.C. § 371. Gerard asserts that the district court erred by not giving him complete access to discovery while he was detained. Gerard further asserts that the court erred by denying his request to read to the jury three books that helped him shape his tax minimization plan. Lastly, he asserts that the court erred in applying the Sentencing Guidelines enhancement for obstruction of justice. While we conclude that there is no reason to disturb Gerard's conviction, we determine that the court erred in applying the enhancement for obstruction of justice by not making certain findings. We therefore affirm the conviction, but vacate the sentence and remand for resentencing.

We conclude that the district court did not abuse its discretion in limiting Gerard's access to discovery while he was detained. Gerard was transferred to a county jail where he was able to spend more time with counsel to review the discovery. Gerard, with counsel, was permitted to review every item of discovery. Gerard fails to show that he was denied access to discovery, denied the opportunity to assist in his defense, or was compelled to go to trial before having the opportunity to review discovery. We conclude that there is no merit to Gerard's contention that the court's discovery order in this regard denied his right to equal protection or his right to consult with counsel.

We further conclude that the district court did not err in barring Gerard from reading three books to the jury in support of his defense that he had a good faith belief that his tax minimization plan was lawful. We review a district court's evidentiary rulings for abuse of discretion, and will only overturn a ruling that is arbitrary and irrational. *United States v.*

2

*Farrell*, 921 F.3d 116, 143 (4th Cir.), *cert. denied*, 140 S. Ct. 269 (2019). Rule 403 of the Federal Rules of Evidence states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." We agree with the district court that Gerard's request to read all three books would amount to something similar to the presentation of expert testimony, but without the opportunity for the Government to cross-examine the expert. Furthermore, as the district court observed, Gerard did not have to prove that his tax minimization system was lawful, only that his good faith belief in the lawfulness of his system was credible. *See Cheek v. United States*, 498 U.S. 192, 201-02 (1991) (holding that a defendant in a criminal tax case can assert a defense of ignorance or misunderstanding of the tax law, leading to "a good-faith belief that he was not violating any of the provisions of the tax laws"). Moreover, as the court observed, Gerard's proposal to read all three books would confuse the jury. We note that, even though the court permitted Gerard to read excerpts from the books, Gerard chose to read excerpts from just one of the three books, suggesting that it was not so imperative that he read each book to the jury.

"Where the enhancement for obstruction of justice is based on a defendant's perjurious testimony, trial court findings should encompass the factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015) (internal quotation marks omitted). The Government bears the burden of proving the enhancement applies by a preponderance of the evidence. *Id*. at 968. Where

3

"a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish" these elements. *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). While a court may satisfy this requirement by making "a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for 'perjury,' . . . it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.* "[A] mere statement that the defendant committed perjury is insufficient." *United States v. Perez*, 661 F.3d 189, 193 (4th Cir. 2011).

We have explained the district court's obligation to make these findings, stating: "If a district court does not make a specific finding as to each element of perjury, it must provide a finding that *clearly establishes* each of the three elements." *Id.* For instance, for the willfulness element, "it would . . . be enough for the court to say, 'The defendant knew that his testimony was false when he gave it.'" *Id.* We observed that the district court found that the defendant's testimony was false, but the court never indicated that the false testimony concerned a material matter or was willfully given. *Id.* at 193-94.

We conclude that the district court's explanation for the obstruction of justice enhancement failed to account for the elements of perjury. While the court found that Gerard's testimony was contradictory and false, the court did not rule on whether the false testimony was material or given willfully. Because the court's explanation was insufficient, we are compelled to vacate the sentence and remand for resentencing. *See United States v. Smith*, 62 F.3d 641, 647 (4th Cir. 1995) (vacating obstruction of justice enhancement and remanding for resentencing).

4

Accordingly, we affirm the conviction but vacate the sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*