**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4693

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NATHANIEL BLAYN BECKER,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Irene C. Berger, District Judge.  (2:21-cr-00234-1)

Submitted:  December 6, 2023                        Decided:  January 17, 2024

Before QUATTLEBAUM and HEYTENS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Charles M. Henter, HENTERLAW, PLC, Charlottesville, Virginia, for Appellant.  William S. Thompson, United States Attorney, Joshua C. Hanks, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nathaniel Blayn Becker was convicted after a jury trial of two counts of placing a pipe bomb on a vessel, in violation of 18 U.S.C. § 2291(a)(2), and two counts of possessing an unregistered destructive device, a pipe bomb, in violation of 26 U.S.C. §§ 5861(d), 5871. The charges arose after pipe bombs were found on barges in the Ohio River in October 2021. Becker asserts that the evidence was insufficient to support the convictions and the district court erred in applying the Sentencing Guidelines for obstruction of justice and creating a substantial risk of death and serious bodily injury. We affirm.

In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the verdict when viewed in the light most favorable to the government. *United States v. Young*, 916 F.3d 368, 384 (4th Cir. 2019). Substantial evidence is "evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *Id.* (internal quotation marks omitted). In assessing whether substantial evidence is present, we are "not entitled to assess witness credibility and must assume that the jury resolved any conflicting evidence in the prosecution's favor." *United States v. Robinson*, 55 F.4th 390, 404 (4th Cir. 2022) (internal quotation marks omitted). We "consider both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008). Defendants "bear[] a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *United States v.*

2

*Savage*, 885 F.3d 212, 219 (4th Cir. 2018). We have reviewed the evidence and conclude that substantial evidence supports the convictions.

"In assessing whether a district court properly calculated the Guidelines range, including its application of any sentencing enhancements, this Court reviews the district court's legal conclusions de novo and its factual findings for clear error." *United States v. Pena*, 952 F.3d 503, 512 (4th Cir. 2020) (internal quotation marks omitted). "[C]lear error exists only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Slager*, 912 F.3d 224, 233 (4th Cir. 2019) (internal quotation marks omitted).

Under the Guidelines, a defendant's offense level should be increased two levels if he "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" relating to the "offense of conviction," "relevant conduct," or "a closely related offense." *See* U.S. Sentencing Guidelines Manual § 3C1.1 (2021); *see also United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004) (in applying this enhancement, "the district court must conclude that the government has shown, by a preponderance of the evidence, that the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice" (internal quotation marks omitted)). It is well established that the obstruction enhancement specifically applies to "committing, suborning, or attempting to suborn perjury." USSG § 3C1.1 cmt. n.4(B). Thus, a district court can apply the enhancement based on trial testimony when a defendant gives "false testimony concerning a material matter with the willful intent to provide false testimony." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993); *see United States v. Perez*, 661 F.3d 189, 192

3

(4th Cir. 2011) (noting three elements necessary to impose the enhancement for obstruction of justice based on the defendant's testimony: "(1) . . . false testimony; (2) concerning a material matter; (3) with willful intent to deceive"). We conclude that the district court properly found the necessary elements to apply the two-level enhancement for obstruction of justice.

Pursuant to USSG § 2K1.4, if the offense "created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly; or . . . involved the destruction or attempted destruction of . . . a vessel, or a vessel's cargo," the base offense level is 24. We have reviewed the record and conclude that the district court did not err in finding that the pipe bombs tossed on to barges in the Ohio River created a substantial risk of death or serious bodily injury to persons other than Becker.

Accordingly, we affirm the convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4