**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-4349**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

DUANE DIXON, JR.,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:24-cr-00037-GMG-RWT-1)

_____

Submitted:  March 12, 2026                                 Decided:  March 17, 2026

_____

Before WILKINSON and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Matthew L. Harvey, United States Attorney, Jarod J. Douglas, Assistant United States Attorney, UNITED STATES OF AMERICA, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Dixon, Jr., appeals his jury convictions and the 15-month sentence imposed for conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371, and three counts of wire fraud, in violation of 18 U.S.C. §§ 1343, 2. Dixon asserts that there is insufficient evidence to sustain his convictions, and that the district court erred when it increased his offense level for obstruction of justice, pursuant to U.S. Sentencing Guidelines Manual § 3C1.1 (2024). Finding no error, we affirm.

"We begin with [Dixon's] sufficiency challenge[] . . . because any defendant who prevails on this point is entitled to a judgment of acquittal without further proceeding." *United States v. Huskey*, 90 F.4th 651, 662 (4th Cir. 2024). In judging sufficiency, we consider all the evidence the jury had before it, "both admissible and inadmissible," viewed "in the light most favorable to the prosecution." *Id.* (citation modified). In doing so, we "assume[] the jury resolved all credibility disputes or judgment calls in the government's favor" and "must uphold the jury's verdict if *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citation modified).

"In order for us to review *de novo* a defendant's challenge to the sufficiency of the evidence," however, "we must have before us a properly preserved motion for a judgment of acquittal." *United States v. Watkins*, 111 F.4th 300, 307 (4th Cir. 2024). When, as here, "a defendant moves for a judgment of acquittal after the prosecution rests and then proceeds to present evidence at trial, he must later renew the motion to preserve appellate review. That is because, by introducing evidence, the defendant waives his objections to the denial of his motion to acquit." *Id.* (citation modified). "If so waived, appellate review is

2

foreclosed unless the defendant can show a manifest miscarriage of justice." *Id.* (citation modified).

Because Dixon failed to renew his motion for judgment of acquittal after resting his case, we conclude that Dixon has forfeited this court's review as to the sufficiency of the evidence supporting his convictions. We also find that Dixon has not established that a manifest miscarriage of justice would result if we declined to review the sufficiency of the Government's evidence. Indeed, the Government presented substantial evidence establishing that Dixon knowingly joined a conspiracy to commit wire fraud, and knowingly aided and abetted wire fraud by providing another person with his bank account information so that this person could direct the proceeds of a fraudulent real estate transaction to the account.

Although Dixon asserts that the Government failed to establish that he was aware of the fraudulent activity, we conclude that the Government's evidence—which included Dixon's emails and audio recordings of telephone calls he had with undercover agents— confirmed that Dixon knowingly conspired with another individual to execute the wire transfer, misrepresented the nature of his business to justify the transaction, and pretended to be the owner of the real estate underlying the fraudulent sale. We therefore reject Dixon's challenge to the sufficiency of the Government's evidence supporting his convictions.

We also reject Dixon's argument that the district court erred when it enhanced his offense level for obstruction of justice. "Where the enhancement for obstruction of justice is based on a defendant's perjurious testimony, trial court findings should encompass the

3

factual predicates for perjury, namely that the defendant (1) gave false testimony; (2) concerning a material matter; (3) with willful intent to deceive." *United States v. Andrews*, 808 F.3d 964, 969 (4th Cir. 2015) (citation modified). The Government bears the burden of proving that the enhancement applies by a preponderance of the evidence. *Id.* at 968.

Moreover, where "a defendant objects to a sentence enhancement resulting from [his] trial testimony, a district court must review the evidence and make independent findings necessary to establish [the obstruction enhancement]." *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). While a court may satisfy this requirement by making "a finding of an obstruction of, or impediment to, justice that encompasses all of the factual predicates for a finding of perjury, . . . it is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.* "[A] mere statement that the defendant committed perjury is insufficient." *United States v. Perez*, 661 F.3d 189, 193 (4th Cir. 2011).

As this court has explained, "[i]f a district court does not make a specific finding as to each element of perjury, it must provide a finding that *clearly establishes* each of the three elements." *Id.* For instance, for the willfulness element, "it would . . . be enough for the court to say, 'The defendant knew that his testimony was false when he gave it.'" *Id.* We also held that even if the district court finds that a defendant's testimony was false, the court should also indicate that the false testimony concerned a material matter and was willfully given. *Id.* at 193-94. After reviewing the district court record, we conclude that the district court's explanation for the obstruction enhancement adequately accounted for

4

the elements of perjury and that the court did not erroneously apply the enhancement in this case.

Based on the foregoing, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*