**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 14-4326**

—————————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

VICTOR MANUEL BAUTISTA-HERNANDEZ, a/k/a Victor Manuel
Bautista, a/k/a Victor Manuel Hernandez, a/k/a Rutilo
Bautista-Carbajal, a/k/a Rotilo Bautista-Hernandez,

                Defenant - Appellant.

—————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro. William L. Osteen,
Jr., Chief District Judge. (1:13-cr-00353-WO-1)

—————————

Submitted: July 27, 2015         Decided: August 18, 2015

—————————

Before WYNN and DIAZ, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Robert Ratliff, Mobile, Alabama, for Appellant. Graham Tod
Green, Assistant United States Attorney, Winston-Salem, North
Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Victor Manuel Bautista-Hernandez pled guilty, pursuant to a plea agreement, to illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012). The district court sentenced Bautista-Hernandez to 48 months' imprisonment, within his advisory Sentencing Guidelines range. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court violated Bautista-Hernandez's Sixth Amendment right to counsel by denying his motions to substitute counsel. Bautista-Hernandez has filed a pro se supplemental brief, raising the same issue as counsel and a myriad of additional challenges to his conviction and sentence. We affirm.

We review a district court's denial of a motion to substitute counsel for abuse of discretion. United States v. Horton, 693 F.3d 463, 466 (4th Cir. 2012).

> In cases where a district court has denied a request by a defendant to replace one court-appointed lawyer with another court-appointed lawyer, this Court considers three factors to determine whether the initial appointment ceased to constitute Sixth Amendment assistance of counsel: (1) the timeliness of the motion; (2) the adequacy of the court's subsequent inquiry; and (3) whether the attorney/client conflict was so great that it had resulted in total lack of communication preventing an adequate defense.

Id. at 466-67 (internal quotation marks omitted).

2

We turn first to the timeliness of Bautista-Hernandez's three motions to substitute counsel. Bautista-Hernandez's first motion was arguably timely, as it was made less than one month after appointment of counsel and before the change-of-plea hearing. The subsequent two motions, however, were untimely, as they were made at the hearings originally scheduled for Bautista-Hernandez's change of plea. See United States v. Blackledge, 751 F.3d 188, 194 (4th Cir. 2014) (concluding that motion filed three days before trial was untimely).

Turning to the inquiry factor, the record reflects that the district court generously afforded Bautista-Hernandez multiple opportunities to articulate his reasons for requesting a substitution of counsel. During each of the three hearings, the court considered Bautista-Hernandez's vague assertions that he did not trust, feel comfortable with, or like counsel. Ultimately, the court found no reasonable basis for Bautista-Hernandez's distrust, no evidence of ineffective assistance of counsel, and that any breakdown in communication was caused by Bautista-Hernandez. We conclude that the court's inquiry into the factual basis of Bautista-Hernandez's dissatisfaction with counsel was sufficient. See United States v. Perez, 661 F.3d 189, 192 (4th Cir. 2011) (concluding that inquiry factor weighed in Government's favor where district court asked defendant to

3

explain his request, considered defendant's reasons, and found current counsel had effectively represented defendant).

Finally, the third factor—whether the conflict between counsel and the defendant resulted in a total lack of communication preventing an adequate defense—also leads to the conclusion that the district court did not abuse its discretion. At the first hearing, counsel explained that she had already met with Bautista-Hernandez on two occasions to discuss discovery, identify possible defenses, and advise Bautista-Hernandez of his sentencing exposure. Thus, the record establishes that counsel worked to communicate with Bautista-Hernandez. Moreover, we agree with the district court that there is no evidence in the current record that counsel failed to provide an adequate defense.

Accordingly, we conclude that the district court did not abuse its discretion (or violate Bautista-Hernandez's Sixth Amendment right to counsel) by denying the motions to substitute counsel. After careful review, we also conclude that Bautista-Hernandez's numerous challenges to his conviction and sentence in his pro se supplemental brief are without merit.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court

4

requires that counsel inform Bautista-Hernandez, in writing, of his right to petition the Supreme Court of the United States for further review.* If Bautista-Hernandez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may renew his motion to withdraw from representation. Counsel's motion must state that a copy thereof was served on Bautista-Hernandez. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

\* Because appointed counsel has an additional task to complete, we deny as premature his pending motion to withdraw from representation.