**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4632**

_____

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

          v.

WILFREDO ANTONIO ROMERO CARRANZA,

                 Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:13-cr-00419-WO-1)

_____

Submitted:  October 20, 2015          Decided:  March 11, 2016

_____

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles R. Brewer, Asheville, North Carolina, for Appellant.
Ripley Rand, United States Attorney, Kyle D. Pousson, Lisa B.
Boggs, Assistant United States Attorneys, Greensboro, North
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilfredo Antonio Romero Carranza, a citizen of El Salvador, was convicted by a jury and sentenced to 84 months in prison for unlawful re-entry of a felon, in violation of 8 U.S.C. § 1326 (2012).[1] Carranza asserts that: (1) the district court violated his due process rights when it questioned a witness about whether he reviewed only Carranza's A-file for an application for permission to re-enter the United States, thereby allegedly allowing another witness to tailor his testimony that both the A-file and electronic databases were checked; (2) defense counsel rendered ineffective assistance when he failed to timely review the presentence investigation report with Carranza, and failed to prevent the presentation of testimony establishing an element of an offense with which Carranza was charged;[2] and (3)

---

[1] Carranza was also convicted — in a separate case and by a separate jury — of charges related to the operation of a chop shop. United States v. Carranza, No. 1:13-cr-00230-WO-2 (M.D.N.C., PACER No. 101). A consolidated presentence investigation report was prepared for the cases and Carranza was sentenced in both cases at the same time, thereby resulting in a single judgment. Because an appeal from the district court's judgment as it pertains to the chop shop case is pending before this court in a separate appeal, only the district court's judgment as it pertains to Carranza's re-entry conviction is at issue on this appeal.

[2] It is well-established that ineffective assistance of counsel claims may be addressed on direct appeal only if the attorney's ineffectiveness conclusively appears in the record. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). We have reviewed the record and have considered Carranza's
(Continued)

2

the district court erred when, knowing there was a complete breakdown in communications between Carranza and his attorney, it failed to have new defense counsel appointed. Finding no error, we affirm.

We find that the district court's inquiry into a particular witness's investigation did not result in reversible error, let alone a violation of Carranza's due process rights. Pursuant to Fed. R. Evid. 614, a district court is permitted to call witnesses on its own motion, and may examine any witness who testifies at trial. It is "settled beyond doubt that in a federal court the judge has the right, and often an obligation, to interrupt the presentations of counsel in order to clarify misunderstandings or otherwise insure that the trial proceeds efficiently and fairly." United States v. Morrow, 925 F.2d 779, 781 (4th Cir. 1991) (citation omitted).

Because issues of trial management are largely left to the discretion of the district court, we review judicial interference claims with a "measure of deference" to the district court's judgment. United States v. Smith, 452 F.3d

---

arguments and find that ineffective assistance does not conclusively appear on the record. Although we note that ineffective assistance of counsel claims should generally be raised by a habeas corpus motion under 28 U.S.C. § 2255 (2012), we intimate no view as to the validity or lack of validity of such claims.

323, 333 (4th Cir. 2006). However, a district court must ensure that it does not create an appearance of partiality through continued intervention or interruption on behalf of one of the parties. See United States v. Godwin, 272 F.3d 659, 677-78 (4th Cir. 2001). Ultimately, the district court must "never reach[] the point at which it appears clear to the jury that the court believes the accused is guilty," or give "the appearance of bias or partiality in any way or become[] so pervasive in his interruptions and interrogations that he may appear to usurp the role of either the prosecutor or the defendant's counsel[.]" United States v. Parodi, 703 F.2d 768, 775–76 (4th Cir. 1983) (internal quotation marks omitted).

We have reviewed the record and conclude that the district court's brief questioning of the witness, outside the jury's presence, did not usurp the Government's role as Carranza's prosecutor or give the appearance of impropriety. And even assuming, arguendo, that error occurred, we find that any error did not affect Carranza's substantial rights. See United States v. Dominguez Benitez, 542 U.S. 74, 81 (2004) (holding that to affect substantial rights, an error must have a "substantial and injurious effect or influence in determining the verdict") (internal quotation marks and ellipses omitted).

We also reject Carranza's argument that he was constructively denied the right to counsel based on an "obvious

4

communications breakdown between defendant and his counsel[,]" and discern no reversible error in the district court's failure to replace his attorney before sentencing. We review a district court's ruling on a motion to substitute counsel for abuse of discretion. United States v. Reevey, 364 F.3d 151, 156 (4th Cir. 2004). To the extent that Carranza suggests that counsel's ineffectiveness amounted to the denial of his Sixth Amendment right to assistance of counsel, however, we review his assignment of error de novo. United States v. DeTemple, 162 F.3d 279, 289 (4th Cir. 1998).

It is true that courts have previously recognized a constructive denial of the right to counsel when, for instance, a complete breakdown of attorney-client communication precluded effective representation, see Daniels v. Woodford, 428 F.3d 1181, 1197-98 (9th Cir. 2005), or an attorney completely failed to "subject the prosecution's case to meaningful adversarial testing[.]" United States v. Cronic, 466 U.S. 648, 659 (1984). We nonetheless find that the record does not establish that the district court abused its discretion when it failed to replace Carranza's attorney before sentencing, or that counsel's representation at sentencing amounted to the constructive denial of the right to counsel.

Based on the foregoing, we affirm the district court's judgment as it pertains to Case No. 1:13-cr-00419-WO-1. We

5

dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED