**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-4631**

_____

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

WILFREDO ANTONIO ROMERO CARRANZA, a/k/a Wilfredo Romero,

　　　　　Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:13-cr-00230-WO-2)

_____

Submitted: March 25, 2016　　　　　Decided: April 22, 2016

_____

Before GREGORY and THACKER, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles R. Brewer, Asheville, North Carolina, for Appellant. Ripley Rand, United States Attorney, Kyle D. Pousson, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Wilfredo Antonio Romero Carranza was convicted by a jury and sentenced to an aggregate sentence of 84 months in prison for one count each of conspiracy to operate a chop shop, in violation of 18 U.S.C. § 371 (2012); operating a chop shop, in violation of 18 U.S.C. §§ 2, 2322(a)(1) (2012); possession of concealed stolen vehicles, in violation of 18 U.S.C. § 2313 (2012); and three counts of transporting stolen motor vehicles, in violation of 18 U.S.C. §§ 2, 2312 (2012) (the "chop shop case"). He now appeals his conviction and sentence, assigning a number of errors. Finding no reversible error, we affirm.

Carranza first asserts that the district court erred by denying his motion to substitute counsel "in view of the serious breakdown" in his relationship with his court-appointed attorney. We review the district court's decision for abuse of discretion. See United States v. Perez, 661 F.3d 189, 191 (4th Cir. 2011). "In determining whether a district court abused its discretion in denying a motion for new counsel," we consider the "timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense." Id. (internal quotation marks omitted). Carranza complained about his defense counsel's representation relatively early on, so his de facto

2

motion was timely. We nonetheless conclude that the district court's inquiry into counsel's representation was thorough and complete; the district court conducted multiple hearings in the course of considering and rejecting Carranza's numerous complaints. And as the district court expressly found, the conflict between Carranza and defense counsel was not so great that it resulted in a total lack of communication preventing an adequate defense. Any suggestion to the contrary is belied by the record: Counsel successfully moved to have Carranza's charges severed, selected juries, questioned witnesses, objected to testimony and evidence, moved to have one of the counts against Carranza dismissed and, at sentencing, argued on Carranza's behalf for a sentence less than the one ultimately imposed. Viewed as a whole, these circumstances reveal that Carranza and his counsel shared meaningful communication such that Carranza was able to mount a defense. See United States v. Hanley, 974 F.2d 14, 17 (4th Cir. 1992) (holding that counsel's vigorous defense at trial indicated a lack of complete communication breakdown).

Next, Carranza claims the district court violated his attorney-client privilege by inquiring into Carranza's complaints about his attorney in open court. According to Carranza, the district court "should have inquired into these matters in private as suggested in Daniels v. Woodford[, 428

3

F.3d 1181 (9th Cir. 2005).]"  In <u>Daniels</u>, the defense attorney asserted -- in opposing a prosecution motion to have defense counsel removed -- that the attorney-client privilege prevented him from revealing his communications with his client.  <u>Daniels</u>, 428 F.3d at 1189.  In this case, neither Carranza nor his attorney invoked the attorney-client privilege.  In fact, during the first of the hearings into Carranza's motions, the district court informed Carranza that "if at any point we need to have -- excuse the prosecutor, if there is anything confidential or privileged, just let me know, because I'm glad to do that if it needs to be done."  Neither Carranza nor his attorney ever indicated that they wished to discuss matters outside the Government's presence.  Accordingly, we discern no reversible error stemming from the district court's general inquiry into defense counsel's representation in open court.

Third, Carranza argues the district court erred by refusing to consider his pro se objections to his presentence report ("PSR"), or his pro se motion to dismiss the indictment against him based on the conditions of his confinement.  A criminal defendant has no statutory or constitutional right to proceed pro se while simultaneously being represented by counsel.  <u>See</u> <u>McKaskle v. Wiggins</u>, 465 U.S. 168, 183 (1984) (recognizing that <u>Faretta v. California</u>, 422 U.S. 806 (1975), does not require a district court to permit "hybrid representation").  Accordingly,

4

the district court was not obligated to consider Carranza's pro se motion or objections.

Fourth, Carranza asserts the district court miscalculated his sentence. Specifically, he argues the district court misapplied § 2B1.1(b)(2)(B) of the version of the United States Sentencing Guidelines applicable at the time of his sentencing, which provided for a four-level increase in a defendant's offense level if the underlying offense involved more than 50 victims. Although the Government's memorandum with respect to restitution identified only 24 victims, we have previously explained in a related context that "losses relevant to finding the appropriate offense level and therefore the proper sentence of imprisonment is . . . not the same question as the amount of losses properly covered by an order of restitution." United States v. Newsome, 322 F.3d 328, 338 (4th Cir. 2003). And a review of Carranza's PSR and the Government's restitution memorandum indicate that 24 different insurance companies and at least 47 individuals were victimized by his offenses. As a result, we see no error in the district court's application of § 2B1.1(b)(2)(B).

5

Finally, Carranza claims he received ineffective assistance of counsel during his criminal trials[1] and at sentencing. It is well-established that ineffective assistance of counsel claims may be addressed on direct appeal only if the attorney's ineffectiveness conclusively appears on the record. United States v. Powell, 680 F.3d 350, 359 (4th Cir. 2012). To establish ineffective assistance of counsel, Carranza bears the burden of showing that: (1) counsel's performance was constitutionally deficient; and (2) the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687-88, 691-92 (1984). To satisfy the first hurdle, Carranza must demonstrate "that counsel's representation fell below an objective standard of reasonableness." Id. at 688. In evaluating counsel's performance, we "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant

---

[1] Carranza was also convicted—in a separate case and by a separate jury—of unlawful reentry of felon, in violation of 8 U.S.C. § 1326 (2012) ("the reentry case"). United States v. Carranza, No. 1:13-cr-00419-WO-1 (M.D.N.C., PACER No. 14). A consolidated PSR was prepared for the cases and Carranza was sentenced in both cases at the same time, thereby resulting in a single judgment. Counsel successfully moved to sever the appeal and we recently affirmed the district court's judgment to the extent it pertains to the reentry case. See United States v. Carranza, No. 14-4632, 2016 WL 930199 (4th Cir. March 11, 2016) (unpublished). Thus, only the district court's judgment as it pertains to the chop shop case is at issue on this appeal.

must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689 (internal quotation marks omitted). To establish prejudice under Strickland, Carranza must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. We have considered Carranza's claims and conclude that ineffective assistance does not conclusively appear on the record. Accordingly, Carranza's claims should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion.[2] See United States v. Baldovinos, 434 F.3d 233, 239 & n.4 (4th Cir. 2006).

In sum, having found no reversible error, we affirm the district court's judgment as it pertains to the chop shop case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] We of course express no opinion on the merits of any ineffective assistance of counsel claims Carranza might choose to raise in some future habeas proceeding.

7