**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7283**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

COLIN F. GORDON, a/k/a Christopher A. Donald, a/k/a P., a/k/a Big Daddy, a/k/a Daddy,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Charlottesville.  James P. Jones, District Judge.  (3:04-cr-00023-JPJ-1)

Submitted:  April 20, 2020                          Decided  July 6, 2020

Before WILKINSON and WYNN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Juval O. Scott, Federal Public Defender, Roanoke, Virginia, Brian J. Beck, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Abingdon, Virginia, for Appellant.  Thomas T. Cullen, United States Attorney, Roanoke, Virginia, Jean B. Hudson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlottesville, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colin F. Gordon appeals from the district court's order granting his motions to reduce his sentence pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 ("First Step Act"): one through counsel and one pro se. In the counseled motion, Gordon sought a reduction in his sentence from 480 months to 322 months or less. In his pro se motion, Gordon did not request a specific sentence reduction, but noted that the district court has discretion to reduce his sentence "even as far as time-already-served."

Over the Government's objection, the district court concluded that Gordon was eligible for relief under the Act. The court reviewed the 18 U.S.C. § 3553(a) (2018) factors, noting Gordon's prior history and offense conduct, as well as any post-conviction rehabilitation and granted his motion by reducing his sentence to 322 months. Gordon appeals, arguing that the district court failed to consider his pro se request for a time-served sentence.

This court reviews the district court's ruling on a sentence reduction motion for abuse of discretion and the scope of the district court's legal authority de novo. *See United States v. Mann*, 709 F.3d 301, 304 (4th Cir. 2013) (stating standard of review in 18 U.S.C. § 3582(c)(2) (2018) context). Section 3582(c)(1)(B), which "is the appropriate vehicle for a First Step Act motion," *United States v. Wirsing*, 943 F.3d 175, 183 (4th Cir. 2019), permits modification of a previously imposed sentence "to the extent . . . expressly permitted by statute," 18 U.S.C. § 3582(c)(1)(B). Even if a defendant is eligible for relief, whether to grant a sentence reduction remains discretionary with the district court. *Wirsing*, 943 F.3d at 180; *see* § 404(c), 132 Stat. at 5222 ("Nothing in this section shall be

construed to require a court to reduce any sentence pursuant to this section."). The Government does not challenge Gordon's eligibility under the Act.

This court has observed that "there is little case law addressing appropriate procedures for a court to follow when considering sentence modifications under 18 U.S.C. § 3582(c)(1)(B)." *United States v. Venable*, 943 F.3d 187, 194 n.11 (4th Cir. 2019). Drawing on cases addressing procedural reasonableness when a district court sentences a defendant in the first instance rather than cases addressing 18 U.S.C. § 3582(c)(1)(B), Gordon argues that the district court was required to address all of his non-frivolous sentencing arguments, including his reference to a time-served sentence. *See United States v. Lynn*, 592 F.3d 573 (4th Cir. 2010). The Government contends that the First Step Act does not entail a plenary resentencing, and therefore a district court must give a clear indication it has considered relevant sentencing factors but need not address each and every nonfrivolous argument. *See United States v. Martin*, 916 F.3d 389, 396 (4th Cir. 2019).

We need not discuss which standard applies. Although Gordon contends that the court failed to address his argument for a sentence of time served, his motion served through counsel did not make such an argument. *See United States v. Carranza*, 645 F. App'x 297, 300 (4th Cir. 2016) (where a represented criminal defendant files pro se sentencing objections, the trial court is not obligated to address them). Even Gordon's pro se motion merely stated that the district court had the discretion to make the reduction; it did not present any reason why time-served was an appropriate sentence.

Here, the district court provided a lengthy explanation for its sentencing decision, reviewing Gordon's personal history contained in the presentence report, as well as the

3

details of his offense, and also considered Gordon's educational programs and good behavior in prison. In addition, the court noted that Gordon is likely to be deported once he completes his present sentence. Accordingly, we affirm for the reasons stated by the district court. *United States v. Gordon*, No. 3:04-cr-00023-JPJ-1 (W.D. Va. Aug. 14, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*