**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4066**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAKIERAN HARRIS, a/k/a J.K, a/k/a Cario,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Kenneth D. Bell, District Judge.  (3:22-cr-00076-KDB-DSC-4)

_____

Submitted:  May 20, 2024                              Decided:  June 21, 2024

_____

Before GREGORY and AGEE, Circuit Judges, and FLOYD, Senior Circuit Judge.

_____

Affirmed in part, dismissed in part by unpublished per curiam opinion.

_____

**ON BRIEF:** Eric J. Foster, Asheville, North Carolina, for Appellant.  Dena J. King, United States Attorney, Amy E. Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jakieran Harris pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(C), and one count of possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2. The district court sentenced him to 108 months' imprisonment. Harris appeals, contending that the district court erred in designating him as a career offender and that district court abused its discretion by denying his motions for new counsel. The Government argues that Harris' appeal of his sentence is foreclosed by the appellate waiver in his plea agreement and that the district court did not abuse its discretion by denying Harris' requests to substitute counsel. We dismiss in part and affirm in part.

Pursuant to a plea agreement, a defendant may waive his right to appeal. *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). Where, as here, the Government seeks enforcement of an appeal waiver and there is no claim that it breached its obligations under the plea agreement, we will enforce the waiver to preclude an appeal of a specific issue if the waiver is valid and the issue falls within the scope of the waiver. *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Whether a defendant validly waived his right to appeal is a question of law we review de novo. *Id.* "Generally . . . if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver," the waiver is both valid and enforceable. *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

2

Harris does not contest the validity of either his guilty plea or his appeal waiver, and the record confirms that Harris knowingly and intelligently waived his rights to appeal his conviction and sentence, except based on claims of ineffective assistance of counsel and prosecutorial misconduct. We conclude that the waiver is valid and enforceable and that the sentencing issue raised by Harris falls squarely within the scope of the waiver. *See United States v. Brown*, 232 F.3d 399, 406 (4th Cir. 2000) (holding that appeal waiver precluded claim that sentence resulted from misapplication of Sentencing Guidelines). We therefore dismiss Harris' appeal to the extent that he challenges the career offender enhancement to his sentence.

"A defendant who waives his right to appeal . . . retains the right to obtain appellate review of his sentence on certain limited grounds." *McCoy*, 895 F.3d at 363 (internal quotation marks omitted). This court may decline to enforce a valid waiver if the sentencing court "violated a fundamental constitutional or statutory right that was firmly established at the time of sentencing." *United States v. Toebbe*, 85 F.4th 190, 202 (4th Cir. 2023) (internal quotation marks omitted); *see United States v. Attar*, 38 F.3d 727, 732-33 (4th Cir. 1994) (providing that waiver does not bar review of post-plea ineffective assistance of counsel). We conclude that Harris' challenge to the district court's denial of his request to substitute counsel is not barred by his appeal waiver.

After Harris entered his guilty plea and after the presentence report was prepared, Harris sent letters to the district court advising that his relationship with counsel had been "mortally wounded," and he requested that the court appoint new counsel. He complained that counsel had not sufficiently reviewed his case with him or spent adequate time on his

3

case.  In the second letter, Harris asserted that, prior to entering his guilty plea, counsel did not inform him of possible sentencing enhancements and advised him that he did not qualify for the career offender enhancement.[*]  Harris asserted that conversations with counsel often lead to "bad arguments" and that the attorney-client relationship had been "mortally wounded and cannot be repaired."  The magistrate judge denied Harris' motions, noting that counsel had filed objections to the presentence report and supplemental objections and that it found no basis to remove appointed counsel.

We review for an abuse of discretion the district court's denial of a defendant's motion to appoint new counsel.  *United States v. Perez*, 661 F.3d 189, 191 (4th Cir. 2011).  In determining whether the district court abused its discretion by declining to appoint substitute counsel, we consider:  "the timeliness of the motion; the adequacy of the court's inquiry into the defendant's complaint; and whether the attorney/client conflict was so great that it resulted in a total lack of communication preventing an adequate defense."  *Id.* (internal quotation marks omitted).  We "weigh these factors against the trial court's interest in the orderly administration of justice."  *United States v. Reevey*, 364 F.3d 151, 157 (4th Cir. 2004); *see United States v. Gonzalez-Lopez*, 548 U.S. 140, 152 (2006) ("[A] trial court[] [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against demands of its calendar[.]" (citations omitted)).

---

[*] This contention is belied by the record of the plea hearing, during which counsel advised the court that he had informed Harris that he may qualify for the career offender enhancement.

4

The parties dispute whether Harris' motion to substitute counsel was timely and whether the court should have conducted further inquiry into Harris' complaint. In a prior case addressing this issue, we held that a district court's error in denying a motion to substitute new counsel is subject to harmless error review. *United States v. Horton*, 693 F.3d 463, 467 (4th Cir. 2012) (citing Fed. R. Crim. P. 52(a)).

In *Horton*, we determined that the defendant's motion for new counsel was timely and that the district court failed to make "any inquiry into the reasons for Horton's dissatisfaction with his counsel." 693 F.3d at 467. This omission resulted in "an incomplete record upon which to determine the third factor: the extent of the breakdown in communication and whether it was so great that it prevented an adequate defense," and we "assume[d], without deciding, that the district court abused its discretion in denying [the] motion without conducting any inquiry." *Id.* Nevertheless, after determining that counsel provided adequate representation—by filing pretrial motions, cross-examining witnesses, and advocating for his client—we concluded that any error in failing to appoint substitute counsel was harmless. *Id.* at 468.

We conclude that any error in the denial of Harris' motions to substitute new counsel is likewise harmless. Although Harris contends that his relationship with counsel broke down, he has not established that counsel's representation of him was constitutionally deficient. To the contrary—and contrary to Harris' claim—counsel advised Harris that he might be sentenced as a career offender, and counsel put forth a reasoned argument against application of that enhancement. The fact that the district court did not agree with counsel's argument does not amount to a failure to present an adequate defense. *See id.* at 467

5

(finding failure to substitute counsel harmless where no prejudice to defendant).  Although Harris asserted that he and counsel had frequent heated arguments and their relationship was "mortally wounded," he acknowledged during the sentencing hearing that he had sufficient time to discuss the presentence report with counsel, and he has not established that counsel failed to provide adequate representation.  *See United States v. Johnson*, 114 F.3d 435, 443 (4th Cir. 1997) (explaining that relevant question is "whether the extent of the breakdown prevents the ability to conduct an adequate defense").  Because counsel adequately represented Harris and zealously argued for a lesser sentence for Harris, we conclude that any error by the district court in not conducting further inquiry into his complaint about counsel was harmless.  We therefore find no abuse of discretion by the district court in denying Harris' motions to substitute counsel.  *See Perez*, 661 F.3d at 191.

Accordingly, we dismiss Harris' appeal to the extent that he contests his sentence, and we affirm the remainder of the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

6